# UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TANYA D. LEWIS** | : | |
| **3422 Highwood Drive, S.E.** | : | |
| **Washington, D.C. 20020** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. : 1:07-cv-429** |
| | : | |
| | : | **Judge: Ricardo M. Urbina** |
| **DISTRICT OF COLUMBIA,** | : | |
| **(A Municipal Corp)** | : | |
| **Serve: Mayor, Adrian Fenty** | : | |
| **1350 Pennsylvania Ave., N.W.** | : | |
| **Suite 221,** | : | |
| **Washington, D.C. 20004,** | : | |
| **Defendant.** | : | |
| | : | |
| **D.C. DEPARTMENT OF CONSUMER** | : | |
| **AND REGULATORY AFFAIRS,** | : | |
| **(A Department of the District of Columbia)** | : | |
| **Serve: Mayor Adrian Fenty** | : | |
| **1350 Pennsylvania Ave., N.W.** | : | |
| **Suite 221,** | : | |
| **Washington, D.C. 20004,** | : | |
| **Defendant,** | : | |

## FIRST AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION, FAILURE TO PROMOTE, VIOLATION OF DISTRICT OF COLUMBIA PERSONNEL POLICIES, CREATION OF A HOSTILE WORK ENVIRONMENT CONSTRUCTIVE TERMINATION, WRONGFUL TERMINATION, RETALIATION AND REPRISAL,

Comes now Tanya D. Lewis ("Lewis" or "Plaintiff"), by and through Counsel and alleges

against the District of Columbia ("Defendant") and the District of Columbia Department of

Consumer and Regulatory Affairs ("the "Agency" or "Defendant") as follows:

## JURISDICTION AND VENUE

1.      This action arises under 42 U.S.C. § 2000e 5(f)(1), 28 U.S.C. § 1331, et. seq., 28U.S.C.

2000e 5(f)(3)., 29 U.S.C. 206(d)., 1391 and 1441. This Complaint was filed within ninety (90)

1

days of receipt of "Dismissal and Notice of Rights" issued December 4, 2006, pursuant to 29 C.F.R. 1601.28 (a) by  Dana Hutter, Director, U.S. Equal Opportunity Employment Commission, Washington, D.C. Field Office, 1801 L Street, N.W., Suite 100, Washington, D.C. 20507.

This Court has jurisdiction over all claims for relief including state claims under the supplemental and ancillary jurisdiction of the federal court.  Venue is proper in this Court as shall be set out herein below.

## THE PARTIES

2.     Plaintiff, Tanya D. Lewis, is a resident of the District of Columbia. She lives at the address provided in the caption hereof. At all times pertinent to this Complaint, Plaintiff was a resident of the District of Columbia and was employed by the Defendant, the District of Columbia.

3.     Defendant, District of Columbia is a municipality acting herein through and as the District of Columbia Department of  Consumer and Regulatory Affairs (the "Agency" the "Defendant")  is an agency of the District of Columbia which acted at all times hereunder by and through its Director Patrick Canavan and Interim Director Lisa Morgan and various other employees and agents of the District of the Agency and the District of Columbia;    The Agency is an "employer" pursuant to 42 U.S.C. § 2000e, and D.C. Code 1-2502 and was so situated during all times pertinent herein.

## FACTS

4.     That Plaintiff is an African American female. She is currently an employee of the District of Columbia Housing Authority ("DCHA") in its Department of Inspections. Presently she employed as "Lead Housing Inspector Supervisor" D.C. Grade GR 12/5 Step.  Her current salary

2

is $63,697 per year. Presently, Plaintiff is a part time student at Southeastern University pursuing an Associate of Science degree in Business Management;

5.    That Plaintiff is a native of the District of Columbia. She attended and graduated from St. Patrick's Academy (high school) in Northwest Washington, D.C. 1981; After graduating from high school, she attended the University of the District of Columbia beginning August 1981 for 1 ½ years. In November 1983, Plaintiff entered into the electrical trade with the International Brothers of Electrical Workers ("IBEW") Local #26 until 1994. As an IBEW member apprentice Plaintiff worked on construction at various sites in the District, including the Washington Convention Center and various schools;

6.    That in 1991 and 1997 Plaintiff received her Journeyman Electrician Licenses and Certifications in both the Commonwealth of Virginia and the District of Columbia; Thereafter Plaintiff worked for several private companies including Truland Electrical Systems and Mona Electric. In 1998 Plaintiff was successful in achieving Master Electrician Status in the District of Columbia. Plaintiff worked as an "in-house staff electrician" at the National Education Association ("NEA"); Thereafter (1999-2002), she operated her own electrical business known as Trulite Electrical Services, LLC.

7.    That Plaintiff commenced employment as an Electrical Inspector for the District of Columbia Department of Consumer and Regulatory Affairs (2002 to 2004) Grade RW 13/6. During that time (2002 to 2003) Plaintiff was an Electrical Instructor for the IBEW Local #26 in the District of Columbia and an Electrical Instructor at Prince Georges Community College in Largo, Maryland.

8.    That on February 11, 2002, Plaintiff was hired by the District of Columbia Regulatory Agency (the "Agency") as an Electrical Inspector Grade RW 13/6. In that position she worked

under the supervision of Mohammed R. Ali, Chief Electrical Engineer and Jatinder Khokhar, Chief, Building Inspection Division.

9.      That on May 24, 2004, Plaintiff was appointed to the position of Acting Electrical Supervisor. During that appointment, Plaintiff's made substantial efforts to institute programs strategies to support the mission of the Agency.  However the Agency declined to provide Plaintiff with the support and resources equal to those afforded Supervisors in other work units and disciplines.

10.     That on May 24, 2004, the position of Electrical Supervisor (the "Position") became open.  Shortly thereafter, Plaintiff was selected by Jatinder Khokhar, Chief of Building Inspection Division to serve as "Acting Electrical Supervisor."  She exercised the duties of Acting Electrical Supervisor from May 24, 2004 through September 29, 2005.  During her tenure in that position, Plaintiff brought her broad background and experience to her work. For example, Plaintiff instituted meetings among the Inspectors which helped bring uniformity in a manner that had not existed before. In addition, Plaintiff sought to insure adherence to the scheduling system as designed so that the inspection process would be fair and even handed. Her dedication and efforts, though resisted, were productive to the organization.

11.     That, when the Agency commenced solicitation for applicants for the Position on April 20, 2005 (Selection #1), Plaintiff submitted a resume and all other requested information, including an application (Application # 1). Other applications were submitted, all by African American males who were non-District of Columbia residents.  None of the other applicants had qualifications equal to those of the Plaintiff.  Selection #1 was closed without a selection.  The Position remained open.  Plaintiff remained Acting Supervisor.

4

12.    That on August 1, 2005, the Position was again opened for applicants (Selection #2).  The Plaintiff again submitted an application for the position. Notably, the qualifications for the Position were modified to include elements that had not been present for Selection #1. The source of some of those elements was Plaintiff's application for the Position.  Plaintiff submitted her application for Selection #2 on August 11, 2005.

13.    That on August 12, 2005 the search for applicants for selection #2 was closed.   Again, Plaintiff was fully qualified for the position.  Other applications were filed.  The other applicants were African American males.   None of the other applicants had qualifications equal to those of the Plaintiff.   Selection #2 was closed without a selection. The Position remained open.

14.    On September 29, 2005 Plaintiff was removed as Acting Electrical Supervisor by Lennox Douglas, Acting Administrator for the Building and Land Regulation Administration. There was no explanation for her removal. The Position remained open.

15.    That in October 2005, the Position was advertised as open and applications were solicited for Selection # 3.  On October 17, 2005, Plaintiff filed an application for the Position.  Plaintiff's application established (as it had for Selection #1 and Selection #2) that Plaintiff was highly qualified for the Position.   Another qualified African American female was recruited by the Agency to apply for the position.  All other applicants for the Position were African American males who were either unqualified for the Position or were not as qualified as Plaintiff.  On December 23, 2005, Plaintiff was notified by mail from the Agency that the Position had been "cancelled on November 7, 2005."  Selection #3 closed without selection of an applicant.

16.    That on January 3, 2006, Plaintiff filed a complaint for discrimination with the Agency alleging that she had been the victim of employment discrimination for being denied promotion to the Position.

17.     That on April 3, 2006 the Position was again advertised as being open and applications were solicited (Selection # 4).  The Agency did not inform Plaintiff that the Position was again open for applicants.  Though Plaintiff's discrimination complaint was still pending, she submitted an application for the Position.  Plaintiff's application established as it had for Selections #1, #2, #3 that she was highly qualified for the position. The other applicants for the Position were an African American male and two or more white males.  None of other the other applicants were as qualified for the Position as the Plaintiff.  Plaintiff did not receive notice of action from the Agency as to the disposition of the Position.

18.     That on May 1, 2006 the Position was reopened for candidates (Selection #5).   Plaintiff applied for the Position. Again, all other candidates for the Position were males.  Again, none of the candidates for the Position equaled the Plaintiff in qualifications.  Plaintiff did not receive notice of non-selection until May 31, 2006.

19.     That on July 7, 2006 Plaintiff resigned from her position as Electrical Inspector.  She delivered her letter of resignation to the Agency's office of personnel and to her immediate Supervisor David Janifer.

20.     That on July 10, 2006 Plaintiff commenced work in her new position as Lead Housing Inspector Supervisor for the District of Columbia Housing Authority at a salary of $63,697 per year, DS12/5.  Plaintiff remains presently employed in this position.

21.     That on July 31, 2006 the Agency notified the Plaintiff by mail that she had not been selected (Selection #5).  Also, in the same mailing was the notice for April 2006 non-selection (Selection #4).

22.     That in July of 2006, an African American male candidate, William Davidson was selected for the Electrical Supervisor Position.  Mr. Davidson worked as an Electrical Inspector

6

under Plaintiff's supervision in 2005.  Mr. Davidson qualifications for the Position did not equal Plaintiff's qualifications.  In addition, Mr. Davidson was the brother of a supervisor who worked in the same Department of the Agency.

23.    That Plaintiff was not hired/non-selected for the Position because of gender.  Plaintiff applied for the Position five times (Selections #1-Selection #5).  Each time she applied Plaintiff was the most qualified candidate having served in an electrical managerial position and having occupied the position of Acting Chief Inspector Electrical Branch for 1 year and 4 months from May 24, 2004 to September 29, 2005 during the aforementioned solicitation periods.  Plaintiff is a current member of the D.C. Board of Industrial Trade (Appointed by the Mayor Anthony Williams). She was the only applicant for the Position claiming a D.C. "residential preference" which is supposed to give weight and enhance her application.  Plaintiff was rejected each time she applied for the Position.

24.    That Plaintiff's requests for the reasons for non-selection to the Position were ignored, rebuffed and withheld by her Superiors.

25.     That despite Plaintiff's superior qualifications and demonstrated performance, Plaintiff was not selected for the Position.

26.    That no female had ever occupied the Position and no woman other than Plaintiff had ever occupied the position of Acting Chief Inspector Electrical Branch ("Acting Chief").

27.    That the Agency, rather than selecting the Plaintiff or any other qualified female applicant, unconscionably and callously notified Plaintiff that the Position was "cancelled."  Despite the humiliation and degradation of such and act by the Agency, Plaintiff remained as Acting Chief and continued to professionally perform the required duties and tasks.

28.    That Plaintiff was not compensated for the services she rendered in the position of Acting Chief, although she served in that capacity from May 24, 2004 to September 29, 2005.

29.    That Plaintiff made several demands for compensation to Agency's Personnel office, her supervisors and to the Director of the Agency.  To date, Plaintiff has not received compensation for her services nor received an explanation as to why she has not received such compensation for functioning as Acting Chief.

30.    That Plaintiff, while serving as Acting Chief, developed additional electrical standards for inspection procedures and implemented new and better safety procedures for handling hazardous material.  This was known to those who reviewed her application for the position but they intentionally disregarded it in denying her the Position.

31.    That in refusing to promote Plaintiff to the Position, the Agency violated, circumvented, misused and disregarded the merit hiring and promotional system and laws of the District of Columbia used to hire and promote D.C. Government employees.

32.    That in refusing to promote Plaintiff who was the most qualified applicant for the Position it is evident that qualifications and customer satisfaction does not count when it comes to female applicants seeking the position of Electrical Supervisor at the Agency.

33.    That after over two years of denial of promotion to the Position and acts of retaliation for her involvement in a protected EEO/AA activity (pursuit of a discrimination claim, challenging and resisting discriminatory harassment and hostility), Plaintiff could no longer "tolerate" the mistreatment visited upon her by the Agency.   Plaintiff had been defeated, demoralized and professionally impeded by the Agency's misuse of personnel policies.   Those matters, in combination with the on-going disparate treatment, the instances of humiliation, lack of support from her Superiors had made it impossible for Plaintiff to survive in her position.

8

34.    That the mistreatment from which Plaintiff suffered consisted of (1) disparate treatment by treating her differently from  male employees similarly situated (2) retaliation against the Plaintiff for energetically  engaging in protected EEO/AA civil rights activities, including asserting herself consistently and confidently in competing for the Position as an African American female and by filing an EEO complaint; (3) reprisal for her participation in protected EEO/AA activities by wrongful, psychological torment and interference with her ability to work**;** (4) failure of the Agency to adhere to personnel policies and practices pertaining to selecting applicants for positions in the service of the District of Columbia;  (5) purposeful and unfair collusion against the Plaintiff by her superiors by  (6)  creating an untenable and intolerable working situation where Plaintiff's authority was subverted to the extent that on a daily basis Plaintiff was confronted with open recalcitrance, discourtesy and insubordination by her subordinates and  (7) Falsely forcing Plaintiff from her chosen profession and trade so that a less qualified male applicant could be appointed to the Position;

**COUNT ONE: DISCRIMINATION IN FAILING TO PROMOTE PLAINTIFF TO THE VACANT   POSITION OF ELECTRICAL SUPERVISOR VACANCY BASED UPON GENDER**

35.    That Count One incorporates by reference paragraphs One through Thirty-Four of the Complaint.

36.    That Plaintiff, an African American female, was employed by the District of Columbia Department of Consumer and Regulatory Affairs Grade RW 13/6 from 2002-2004. She possessed superior qualifications and earned commendations for her performance. She was appointed by her Supervisor to the position of Acting Chief Inspector Electrical Branch when a vacancy occurred for that Position.

37.    That while in the position of Acting Chief  and while exercising protected EEOC activities,  Plaintiff's performance as Acting Chief  had substantial positive impact on her working unit.

38.    That Plaintiff exercised the duties of Acting Electrical Supervisor from May, 2004 through September 29, 2005.  During this period the position of Electrical Supervisor (the "Position") became open for candidates in which the Agency conducted five solicitations without selecting a candidate to fill the Position.

39.    That Plaintiff applied for the Position was the most qualified applicant for promotion to the Position and was denied the position solely because she is an African American female.

### COUNT TWO: DISCRIMINATION IN FAILURE TO PROMOTE PLAINTIFF TO THE VACANT POSITION OF ELECTRICAL SUPERVISOR

40.    Count Two incorporates by reference paragraphs One through Thirty –Nine herein.

41.    That the Plaintiff submitted a resume and all other requested information including an application for selections # 1 - #5 and each time made the certification list of applicants.

42.    That on April 20, 2005 (Selection #1) Plaintiff filed an application.  Other applications were filed but the other applicants were African American males and were not District of Columbia Residents which was a preferred qualification.

43.    That Plaintiff submitted a resume and all other requested information including an application for Selection #1. The other applicants who were African American males did not possess qualifications equal to those of the Plaintiff.  Selection #1 was closed without a selection. By refusing to select the Plaintiff for the Position the Agency discriminated against the Plaintiff based upon her gender.

10

## COUNT THREE: DISCRIMINATION IN FAILURE TO PROMOTE PLAINTIFF TO THE VACANT POSITION OF ELECTRICAL SUPERVISOR

44.     That Count Three of the Complaint incorporates by reference paragraphs One through Forty-Three herein.

45.     That on August 1, 2005 the Position was opened for Selection #2 and the Plaintiff submitted an application.  Plaintiff was fully qualified for the position.

46.      That the other applicants for Selection #2 were African American males none of whom had qualifications equal to those of the Plaintiff.

47.     That Selection #2 was closed without a selection and the Position remained open.  By refusing to select the Plaintiff for the Position the Agency discriminated against the Plaintiff based upon her gender.

## COUNT FOUR: DISCRIMINATION IN FAILURE TO PROMOTE PLAINTIFF TO THE VACANT POSITION OF ELECTRICAL SUPERVISOR

49.     That count Four of the Complaint incorporates by reference paragraphs One through Forty-Seven herein.

50.     That in October, 2005 the Position was advertised as open and applications were solicited for Selection#3 and the Plaintiff filed an application.

51.     That the Plaintiff was highly qualified for the position as established for Selection#1 and Selection #2.

52.     That a qualified African American female from outside the Agency was recruited by the Agency to apply for the Position, however despite her recruitment the Agency did not seriously consider her for the Position.

53.     That all the applicants for Selection #3 other than the Plaintiff and another qualified African American female were African American males who were either unqualified for the Position or were not as qualified as the Plaintiff.

54.     That on December 23, 2005 Plaintiff was notified by mail from the Agency that the Position had been "cancelled."

55.     That Selection #3 closed without selection of an applicant.  By refusing to select the Plaintiff for the Position the Agency discriminated against the Plaintiff based upon her gender.

56.     That on January 3, 2006 Plaintiff, because she had been systematically discriminated against on the basis of gender by being denied the Position, filed an EEO complaint with the Agency.

### COUNT FIVE: DISCRIMINATION IN FAILURE TO PROMOTE PLAINTIFF TO THE VACANT POSITION OF ELECTRICAL SUPERVISOR

57.     That Count Five of the complaint incorporates by reference Paragraphs One through Fifty-Six herein.

58.     That on April 3, 2006 the Agency opened up the Position and solicited applications for Selection #4.

59.     That for the first time that the Position was re-opened Plaintiff did not receive notice from the Agency that the Position was soliciting applicants.

60.     That even though Plaintiff's discrimination complaint was still pending she submitted an application for selection #4 for the Position.

61.     That Plaintiff's application established as it had for Selections #1, #2, and #3 that she was highly qualified for the position.

12

62.     That the other candidates for the Position were one African American male and White males.

63.     That none of the other applicants were as qualified for the Position as the Plaintiff.

64.     That the Plaintiff did not receive notice of action for the remainder of April 2006 that there had not been a selection though she had not been selected. By refusing to select the Plaintiff for the Position the Agency discriminated against the Plaintiff based upon her gender.

**COUNT SIX: DISCRIMINATION IN FAILURE TO PROMOTE PLAINTIFF**

**TO THE VACANT POSITION OF ELECTRICAL SUPERVISOR**

65.     That Count Six of the complaint incorporates by reference Paragraphs One through Sixty-Four herein.

66.     That on May 1, 2006 the Position was reopened for candidates in Selection #5.  Plaintiff applied for the Position.

67.     That all other candidates for Selection #5 were males.

68.     That none of the candidates for the Position equaled the Plaintiff in qualifications.

69.     That Plaintiff received notice of non-selection for the Position on May 31, 2006.

70.     That even though the Plaintiff's work history and performance as Acting Chief Electrical Inspector had been evaluated as outstanding and Plaintiff was clearly the best qualified applicant for the Position, on July 31, 2006 the Agency notified the Plaintiff by mail that she had not been selected for Selection #4 nor Selection #5. By refusing to select the Plaintiff for the Position the Agency discriminated against the Plaintiff based upon her gender.

**COUNT SEVEN:      DISCRIMINATION IN FAILING TO PROMOTE**

**PLAINTIFF TO THE VACANT POSITION OF ELECTRICAL SUPERVISOR IN**

**VIOLATION OF DISTRICT OF COLUMBIA PERSONNEL RULES,**

**PROCEDURES AND POLICIES**

71.    That Count Seven incorporates by reference paragraphs One through Seventy of the Complaint.

72.    That in July 2006, an African American male candidate, Mr. William Davidson was selected for the Electrical Supervisor Position.

73.    That Mr. Davidson had worked as an Electrical Inspector under Plaintiff's supervision in 2005.

74.    That Mr. Davidson's qualifications did not equal nor surpass Plaintiff's.

75.    That Mr. Davidson was the brother of a supervisor who worked in the same Department of the Agency and influenced his selection to the Position in violation of District of Columbia Code §1-608.1 (c), requiring public officials not to "… appoint, employ, promote , advance, or advocate for appointment, employment, or promotion, in or to a position in the agency in which he or she is serving or over which he or she exercises jurisdiction or control an individual who is a relative of the public official."

76.    That Plaintiff was the most qualified candidate being the only applicant who had served in an electrical managerial position and had been appointed by her Supervisor to the position of Acting Chief Inspector Electrical Branch serving for one year and four months.

77.    That the Plaintiff was the only applicant for the Position claiming a D.C. residential preference.

78.    That the Plaintiff applied for the Position through five (5) selection proceedings and though Plaintiff was the most qualified applicant she was rejected each time she applied.

14

79.    That Plaintiff served in a variety of positions such as Senior Electrician, Inspector, and college electrical inspector and had earned commendations and letters of appreciation for her performance and contributions which were attached to her applications for the Position and yet she was never selected nor promoted to the Position. In committing the foregoing acts the Agency and its employees and agents committed "prohibited personnel practices" in violation of District of Columbia Code §1-608.1(a) (1) -§1.608 (a) (4).

### COUNT EIGHT: RETALIATION AND REPRISAL AND CREATION OF A HOSTILE WORK ENVIRONMENT AND DISCOURAGING PARTICIPATION IN A PROTECTED ACTIVITY

80.    That Count Eight of the Complaint incorporates by reference paragraphs One through Seventy- Nine herein.

81.    That almost immediately after the Plaintiff was appointed to the position of Acting Electrical Supervisor in the Agency that had never worked under female supervision her subordinates conspired to make it difficult for her to succeed.  Plaintiff's was excluded her from "all male" staff meetings while the attendees discussed strategies to undermine her supervisory efforts.

82.    That the Agency, acting through its agents and employees, wrongfully and illegally for purpose of retaliation against the Plaintiff for actively engaging in protected EEO/AA civil rights activities impeded the work of the Plaintiff by frustrating her efforts and by continually, intentionally, purposely and insidiously isolating, degrading, ignoring, frustrating her in her efforts to avail herself of her legal rights under Title VII of the U.S. Civil Rights Act.  That the Agency allowed and its agents and employees were allowed and encouraged to engage in

reprisals for her participation in protect activities by wrongful, psychological torment and interference with her ability to work.

83.     Additionally, during the period Plaintiff sought a promotion to the Position she had earned and was qualified for the Agency allowed and tolerated retaliation and reprisal by creation and perpetuation of a working environment that was hostile. That work environment was often so intolerable that Plaintiff felt defeated, demoralized and professionally impeded.

84.     That because of Agency's allowance, tolerance and capitulation with and capitulation with the foregoing Plaintiff experienced anxiety, depression, lack of sleep, weight gain and loss of hair requiring her to seek professional help through the services of Psychologist/Therapist to help her cope with the hostility in the work place.

**COUNT NINE:   RETALIATION AND REPRISAL AND CREATION OF A HOSTILE WORK ENVIRONMENT.**

85.     That Count Nine of the Complaint incorporates by reference paragraphs One through Eighty-Four herein.

86.     That from 2004 to 2006 the Agency, its Director, Supervisors engaged in continuing unconscionable efforts to impede and prevent Plaintiff from being appointed to the Position.

87.     That from 2004 to 2006 the Agency, its Director, Supervisors and employees violated her rights in impeding her from participating in protected EEO activities, including the filing of and pursuit of an employment discrimination case and pursuit of information regarding her EEO matter for the purpose of frustrating and harassing her.

88.     That because of Agency's allowance, tolerance and capitulation with and capitulation with the foregoing Plaintiff experienced anxiety, depression, lack of sleep, weight gain and loss

16

of hair requiring her to seek professional help through the services of Psychologist/Therapist to help her cope with the hostility in the work place.

## COUNT TEN:   CONSTRUCTIVE DISCHARGE AND WRONGFUL DISCHARGE FROM A POSITION OF EMPLOYMENT

89.     That Count Ten of the Complaint incorporates by reference paragraphs One through Eighty-Eight herein.

90.     That on January 3, 2006 Plaintiff filed a complaint for discrimination with the Agency because she had experienced mistreatment, instances of humiliation and receive lack of support from the Agency and her Superiors forcing her to seek the help of a professional therapist to help her cope with feelings of anger, resentment, depression, anxiety and loss of self-confidence.

91.     That subsequent the filing of her complaint, Plaintiff's authority was subverted to the extent that on a daily basis she was confronted with open recalcitrance, discourtesy and insubordination by her subordinates thereby treating Plaintiff differently from similarly situated males in the Agency.

92.     That he Agency acting through its agents and employees was determined to seize upon and take advantage of the dissatisfaction of Plaintiff's subordinated employees, and use that dissatisfaction as an opportunity to illegally, in a conspiratorial manner and in violation of the Agency's rules and procedures, deny Plaintiff employment into a position for which she was the most qualified each and every time she applied thereby forcing the Plaintiff from her position of employment.

93.     That in carrying out the forgoing wrongful acts, the Agency though its agents and employees, failed to appoint the Plaintiff to the Position, causing damage to Plaintiff's reputation and impeding her career in her chosen trade.

17

94.     That in a bold effort to humiliated, demoralized, harass and psychologically destroy the Plaintiff and after having forced the Plaintiff from her Position, the Agency was able to select someone else, a less qualified male, for the Position which the Plaintiff had merited, competed for and deserved, committing prohibited personnel policies.

95.     That over one year, including the period from May 24, 2004 through September 29, 2005, while Plaintiff remained as Acting Chief, there was a solicitation to fill the Position. Despite the fact that no other applicant was as qualified as the Plaintiff she was neither promoted to nor selected for the Position.

96.     That the Agency though its agents and employees by engaging in the above actions which were wrong, and violated Title VII of the Civil Rights Act of 1964 (as amended), for purposes of illegal discrimination, and by violating, circumventing, and disregarding the merit system and Personnel policies and procedures used to hire and promote employees in the District of Columbia has severely damaged Plaintiff in that she was caused to suffer economic and financial losses by being thwarted from advancing in her career while also suffering protracted and continuous humiliation, reprisal and retaliation.

97.      That the Agency acting through its agents and employees did not investigate, respond to or acknowledge Plaintiff's complaints and collaborated in, supported and encouraged the perpetuation and fostering of a hostile work environment, creating untenable and intolerable conditions and ultimately forced the plaintiff out of her position of employment in violations of the Title VII of the Civil Rights Act of 1964 (as amended), for purposes of illegal discrimination.

**WHEREFORE THE PREMISES CONSIDERED, PLAINTIFF PRAYS,**

That for the actions of invidious discrimination alleged in Count One of the complaint the Plaintiff be awarded damages against the Defendant in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00);

That for the actions of invidious discrimination alleged in Count Two of the complaint the Plaintiff be awarded damages against the Defendant in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00);

That for the actions of invidious discrimination alleged in Count Three of the complaint the Plaintiff be awarded damages against the Defendant in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00);

That for the actions of invidious discrimination alleged in Count Four of the complaint the Plaintiff be awarded damages against the Defendant in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00);

That for the actions of invidious discrimination alleged in Count Five of the complaint the Plaintiff be awarded damages against the Defendant in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00);

That for the actions of invidious discrimination alleged in Count Six of the complaint the Plaintiff be awarded damages against the Defendant in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00);

That for the actions of actions alleged in Count Seven of the Complaint, the Plaintiff be awarded damages against the Defendant in the amount of FIVE MILLION DOLLARS ($5,000,000.00).

That for the actions of actions alleged in Count Seven of the Complaint, the Plaintiff be

awarded damages against the Defendant in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00).

That for the actions of actions alleged in Count Eight of the Complaint, the Plaintiff be awarded damages against the Defendant in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00).

That for the actions of actions alleged in Count Nine of the Complaint, the Plaintiff be awarded damages against the Defendant in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00).

That for the actions of actions alleged in Count Ten of the Complaint, the Plaintiff be awarded damages against the Defendant in the amount of  FIVE MILLION DOLLARS ($5,00,000.00).

That because the above actions by the Defendant in each and every count herein were committed intentionally, willfully and malicious and plaintiff prays fro punitive damages I the amount of   TWELVE MILLION, FOUR HUMDRED THOUSAND DOLLARS ($12,400,000.00);

Respectfully submitted,

_____
John F. Mercer, Esq.
Bar # 25539
Of Counsel
Tec Law Group. PLLC
1000 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 200036
Telephone:  202.466.3830
Mobile:  240.535.8758
Telecopier:  301.249.4603
Attorney for the Plaintiff

20

## **JURY TRIAL DEMAND**

The Plaintiff demands a jury trial in this matter pursuant to Rules 38(b) and 5(b) FRCP.

_____

John F. Mercer

Date: May 14, 2007