UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Tanya D. Lewis,

    Plaintiff,

v.

District of Columbia, *et al.*

    Defendants.

C.A. No.: 07-0429 (RMU)

**DEFENDANTS DISTRICT OF COLUMBIA AND DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS' MOTION TO
DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT**

    Defendants, the District of Columbia (hereinafter "District) and the District of Columbia Department of Consumer and Regulatory Affairs (hereinafter "DCRA"), by and through counsel, respectfully move this Honorable Court, pursuant to Fed. P. Civ. R. 12(b)(6) to dismiss her claim for failure to state a claim for which relief may be granted, and/or Fed. P. Civ. R. 56, to enter summary judgment in their favor and against plaintiff on the following grounds:

    1.    Plaintiff fails to properly plead a *prima facie* case of failure to promote based on gender discrimination because she failed to allege that a male was promoted or selected for the positions, Selections #1- #4, in her stead. See Counts one (1) through six (6).

    2.    Plaintiff failed to exhaust her administrative remedies with the District of Columbia Office of Human Rights (hereinafter "Office of Human Rights" or "OHR") with respect to the District's alleged failure to promote her to Selection #5.

    3.    Plaintiff failed to exhaust her administrative remedies with respect to a retaliation claim and her hostile work environment claim is statutorily time barred.

4.  Plaintiff has failed to properly plead a prima facie case of constructive or wrongful discharge.

5.  The District of Columbia Department of Consumer and Regulatory Affairs is *non suis juris*, and

6.  Punitive damages are not available against the District of Columbia.

Detailed grounds for these defendants' motion are set forth in the attached memorandum of points and authorities in support thereto.

                              Respectfully submitted,

                              LINDA SINGER
                              Attorney General for the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General, Civil Litigation Division

                                /s/ Patricia A. Jones
                              PATRICIA A. JONES [428132]
                              Chief, General Litigation, Section IV

                                /s/ Leah Brownlee Taylor
                              LEAH BROWNLEE TAYLOR [0488966]
                              LETICIA L. VALDES [0461327]
                              Assistants Attorney General
                              441 4th Street, N.W.
                              Sixth Floor South
                              Washington, D.C. 20001
                              (202) 724-7854; (202) 442-9845; (202) 727-6295

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

Tanya D. Lewis,

    Plaintiff,

    v.

District of Columbia, *et al.*

    Defendants.

C.A. No.: 07-0429 (RMU)

## **DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

In support of their Motion for Summary Judgment, these defendants herein submit their Statement of Material Facts Not in Genuine Dispute, and state as follows:

1. Plaintiff, an African-American female, was the Acting Electrical Supervisor from May 24, 2004- September 29, 2005. See Amended Complaint, ¶ 10. She alleges that she applied for a promotion to the position of Electrical Supervisor on April 20, 2005 (Selection 1), August 1, 2005 (Selection 2), October 17, 2005 (Selection 3), and April 3, 2006 (Selection 4), and was not selected. See Amended Complaint at ¶¶ 12-18.

2. Plaintiff does not allege that the position was filled or that a male was selected for the Selections 1-4 positions. See Amended Complaint at ¶¶ 12-18.

3. Plaintiff, an African-American female, alleged that she applied for a promotion to the position of Electrical Supervisor on May 1, 2006 (Selection 5). See Amended Complaint, at ¶¶ 12-18.

4. An African-American male was selected for the Selection 5 position in July 2006. See Amended Complaint, at ¶ 22.

5. Plaintiff filed an Office of Human Rights discrimination charge on March 16, 2006, prior to the selection of the African-American male, and alleged race, sex and other (matriculation) discrimination. Plaintiff did not allege retaliation. See OHR charge/affidavit.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

        /s/ Leah Brownlee Taylor
        LEAH BROWNLEE TAYLOR [0488966]
        LETICIA L. VALDES [0461327]
        Assistants Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-7854; (202) 442-9845; (202) 727-6295

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

Tanya D. Lewis,

    Plaintiff,

    v.

District of Columbia, *et al.*

    Defendants.

C.A. No.: 07-0429 (RMU)

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DISTRICT OF COLUMBIA AND DISTRICT OF COLUMBIA DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS' MOTION FOR SUMMARY JUDGMENT

Preliminary Statement

    Plaintiff, an African-American female, was the Acting Electrical Supervisor at the D.C. Consumer and Regulatory Affairs from 2004-2005. She alleges that she applied for a promotion to the position of Electrical Supervisor on April 20, 2005 (Selection 1), August 1, 2005 (Selection 2), October 17, 2005 (Selection 3), and April 3, 2006 (Selection 4), and was not selected. See Complaint at ¶¶ 12-18. Plaintiff does not allege that a male was promoted or selected for those positions. See Complaint at ¶¶ 12-18.

    Plaintiff also alleges that she applied for a promotion to the position of Electrical Supervisor on May 1, 2006 (Selection 5) and an African-American male was selected for the Selection 5 position. Plaintiff avers that she was excluded from all male meetings and denied promotions. On March 16, 2006, plaintiff filed an Office of Human Rights discrimination charge alleging race, sex and other (matriculation) discrimination. Plaintiff did not allege retaliation. See Complaint at ¶¶ 12-18; and ¶ 81. See also, OHR charge/affidavit.

On March 5, 2007, plaintiff filed a Complaint under Title VII against Mayor Adrian Fenty. See Docket Entry #1. On May 14, 2007, plaintiff filed an Amended Complaint and named the District of Columbia and the D.C. Department of Consumer and Regulatory Affairs as defendants. See Docket Entry #6. Although the Amended Complaint contains ten (10) Counts, each presumably are filed under Title VII. See Amended Complaint, at ¶¶ 36-97. Plaintiff also seek punitive damages against the named defendants. See Preamble, at page 20.

For the reasons set forth below, these defendants are entitled to dismissal and/or summary judgment on all claims asserted against them.

Argument

**A.   Standard for Motion to Dismiss**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The moving party is entitled to judgment if there are no allegations in the complaint that could provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that reasonably can be drawn from the allegations alleged in the complaint, bare conclusions of law—or sweeping and unwarranted averments of fact—will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App.

**B.   Standard for Motion for Summary Judgment Under Fed. R. Civ. P. 56(c)**.

Summary judgment is proper when there is no genuine issue of material fact and judgment in favor of the movant is proper as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kitt v. Capital Concerts, Inc., 742 A.2d 856, 858 (D.C. 1999). No class of cases, including employment discrimination claims, is exempt from this rule, Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000); Evans v. New York Botanical Garden, 253 F. Supp. 2d 650, 657 (S.D.N.Y. 2003) ("The salutary purposes of summary judgment . . . apply no less to discrimination cases than to commercial or other areas of litigation."). The Supreme Court has expressly authorized early summary judgment when public officials face insubstantial claims such as those now before the Court. Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982) ("In identifying qualified immunity as the best attainable accommodation of competing values . . . we relied on the assumption that this standard would permit '[insubstantial] lawsuits [to] be quickly terminated.'") (internal citations omitted). As the non-movant, Tabb must make a showing with "specific facts showing that there is a genuine issue[.]" Celotex, 477 U.S. at 324, in opposition to the qualified immunity defense. These facts must have "significant probative" force "tending to support the complaint." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

C.  **SUMMARY JUDGMENT IS APPROPRIATE**

    1.  **Plaintiff has failed to properly plead a viable claim for failure to promote based on gender discrimination for Selections #1- #4 and plaintiff's gender discrimination claim for Selection #1 is time barred.**

To properly plead and/or establish a prima facie case of sex discrimination, a plaintiff must plead and show that: 1) she is a member of a protected class; 2) she was qualified and applied for the promotion; 3) she was rejected despite her qualifications; and 4) other equally or less qualified employees who were not members of the protected class were promoted. See *Lee*

3

*v. GTE Florida, Inc*. 226 F.3d 1249, 1253 (11th Cir. 2000). In this case, plaintiff, an African-American female, alleged that she applied for a promotion to the position of Electrical Supervisor on April 20, 2005 (Selection 1), August 1, 2005 (Selection 2), October 17, 2005 (Selection 3), and April 3, 2006 (Selection 4). See Complaint at ¶¶ 12-18. Plaintiff alleges that the positions were opened and no candidates were chosen for those selections. See Complaint at ¶¶ 12-18. Plaintiff fails to allege that for any of the position openings for Selections ##1-4, other equally or less qualified employees who were not members of the protected class (males), were promoted. Therefore, plaintiff failed to properly plead a prima facie claim of gender discrimination.

Furthermore, plaintiff's alleged non-selection for Selection position #1 is time barred. Where a state has established an administrative procedure to handle claims of employment discrimination, an individual must file a discrimination charge with the EEOC within 300 days of the discriminatory act in order to preserve the right to bring a lawsuit under Title VII. See 42 U.S.C. 2000(e)-5(3). Plaintiff alleges an April 20, 2005 (Selection #1) non-selection, but did not file a discrimination charge with the Office of Human Rights (a District of Columbia agency established to handle discrimination claims) until March 16, 2006, more than 300 days of the alleged discriminatory act. See OHR charge/affidavit. Plaintiff's alleged non-selection for Selection #1 is therefore time barred.

  **2.**  **Plaintiff failed to exhaust her administrative remedies with respect to her Selection #5 failure to promote claim which is now time barred.**

A plaintiff claiming gender discrimination cannot bring claims in a lawsuit that were not included in his or her EEOC or state agency charge. *See Sauzek v. Exxon Coal USA*, Inc. 202 F.3d 913 (7th Cir. 2000). A plaintiff is required to exhaust his/her administrative remedies because it "provides the charged party with notice of the claim and helps narrow the issues for

4

prompt adjudication and decision" and resolution of disputes. See *Mack v. Strauss*, 134 F.Supp 2d 103, 109 (D.D.C. 2001). Plaintiff filed her discrimination charge with the Office of Human Rights on March 16, 2006. Plaintiff did not amend her OHR/EEOC charge to include the alleged May 1, 2006, non-selection for the Electrical Supervisor position. The plaintiff's failure to file an OHR or EEOC charge for gender discrimination based on her May 1, 2006, non selection is fatal to that claim. More than 300 days has lapsed since the alleged discriminatory act of non-selection . Plaintiff's failure to amend her charge to include the May 1, 2006, non-selection precludes her from proceeding on that claim. See Title VII. See 42 U.S.C. 2000(e)-5(3).

### 3.     **Plaintiff failed to exhaust her administrative remedies with respect to a retaliation claim.**

Plaintiff raises a retaliation claim against the named defendants in her Amended Complaint. See Amended Complaint, ¶¶ 81-88. According to plaintiff, her "subordinates conspired to make it difficult for her to succeed." Plaintiff claims she was excluded from "all male" staff meetings while the attendees discussed strategies to undermine her supervisory efforts. See Amended Complaint, at 81. Plaintiff avers that the "Agency, acting through its employees, wrongfully and illegally for purpose[s] of retaliation against [her] for engaging in protected EEO/AA civil rights activities impeded [her] work [ ] by frustrating her efforts and by continually, intentionally, purposely and insidiously isolating, degrading, ignoring, [and] frustrating her in her efforts to available herself of her legal rights under Title VII…." *See* Amended Complaint, ¶ 82.

Plaintiff never filed an EEOC or state agency charge related to her claims of retaliation against this defendant. A plaintiff claiming retaliation must include the charge in his or her EEOC or state agency charge. *See Sauzek v. Exxon Coal USA*, Inc. 202 F.3d 913 (7th Cir. 2000).

5

Plaintiff's failure to file a charge of retaliation precludes her from proceeding against this defendant on her claim of retaliation. See OHR charge/affidavit.

**4. Plaintiff has not properly pled hostile work environment.**

To lay a factual foundation for a hostile work environment claim, a plaintiff must allege facts indicating a workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" *See Davis v. United States Postal Serv.,* 142 F.3d 1334, 1341 (10th Cir. 1998) (quotation omitted). Plaintiff's EEOC charge contains no factual allegations of treatment in manner or degree sufficient to allege a hostile work environment.  See See OHR charge/affidavit.  Plaintiff makes conclusory claims that her subordinates refused to follow her instructions, ostracized her and undermined her authority during the period in which she was Acting Supervisor.  Other than conclusory statements, there is an absence of any facts that the District helped create the alleged "hostile work environment," knew about the alleged mistreatment based on race and/or gender, and/or or condoned the environment in which she worked.  Moreover, any claims that the hostile work environment resulted because of her race must fail since the EEO charge does not contain any reference to her race as being the cause for the creation of the hostile work environment.  *See Mitchell v. City and County of Denver,* 112 Fed. Appx. 662; 2004 U.S. App. LEXIS 21188 (10th Cir. 2004), holding employee failed to exhaust his administrative remedies on the Title VII hostile work environment claim because it was not within the scope of his Equal Employment Opportunity Commission charge.

Plaintiff's  hostile work environment claim is also time barred. Plaintiff only alleges one specific instance of a hostile work environment upon being appointed to Acting Electrical Supervisor, (shortly after May 24, 2004), when she was excluded from all male meetings by her

6

subordinates where the attendees allegedly discussed strategies to undermine her supervisory efforts. See Amended Complaint, at ¶¶ 10 and 81. Plaintiff did not file an OHR charge of hostile work environment until almost 2 years later, March 16, 2006. See OHR charge/affidavit. Plaintiff's failure to file a hostile work environment charge within 300 days since the alleged discriminatory act, bars this claim under Title VII. See 42 U.S.C. 2000(e)-5(3).

**5.    An alleged violation of the District of Columbia Merit Personnel Laws does not vest a party with a private right of action.**

Plaintiff avers that the District of Columbia violated the District of Columbia Merit Personnel Laws and therefore she seeks relief. See Amended Complaint, at ¶¶ 72-79. It is unclear whether plaintiff seeks to proceed under Title VII for this alleged violation or seeks to set forth a private right of action. The Merit Personnel laws give plaintiff no private right of action in federal court under Title VII. See D.C. Official Code § 1-608.01. Plaintiff must seek relief through for an alleged violation of the District of Columbia Merit Personnel laws through the Public Employee Relations Board. See D.C. Official Code § 1-605.02. Accordingly, dismissal of this claim is mandated.

**6.    Plaintiff has failed to properly plead a prima facie case of constructive or wrongful discharge.**

Constructive discharge occurs when an employer deliberately makes working conditions intolerable and drives the employee to involuntary quit. *See Atlantic Richfield Co. v. D.C. Comm'n on Human Rights*, 515 A.2d 1095, 1011 (D.C. 1986). It is an objective standard that requires a finding of intentional discrimination plus a finding of aggravating factors that suggest the complainant was driven to quit. *Bishopp v. D.C.* 788 F.2d 781,790 (D.C. Cir. 1986). Discriminatory failure to promote unaccompanied by aggravating factors will not sustain a finding of constructive discharge. *See Dashnaw v. Pena,* 12 F.3d 1112, 1113 (D.C. Cir. 1994).

7

Plaintiff has alleged no facts that would support constructive discharge by the District. In fact, according to the allegations set forth in the plaintiff, although the District did not select plaintiff for the Electrical Supervisor position, it appointed her to the Acting Electrical Supervisor position, and took no other action to cause plaintiff to resign from the Agency. See Amended Complaint, generally. Other than her conclusory allegations, plaintiff failed to cite to any facts that showed that the District knew about the alleged discriminatory working conditions, and condoned and/or tolerated these conditions. See Amended Complaint, generally. Therefore, plaintiff's claim of constructive or wrongful discharge fails as a matter of law.

## 7. **The District of Columbia Department of Consumer and Regulatory Affairs is *non sui juris*.**

This jurisdiction has consistently held that bodies within the District of Columbia government are not suable as separate entities. *See Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976) (Board of Higher Education not a suable entity) (dictum); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974) (Department of Sanitation not suable); *Ray v District of Columbia,* 535 A.2d 868, 869 n. 2 (D.C. 1987) (holding that Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are not *sui juris* entities). Because the District of Columbia Department of Consumer and Regulatory Affairs is *non sui juris, p*laintiff cannot maintain her cause of action against it. Accordingly, dismissal of plaintiff's First Amended Complaint is appropriate.

## 8. **Punitive damages are not available against the District of Columbia.**

In *Smith v. District of Columbia*, 336 A.2d 831 (D.C. 1975), the District of Columbia Court of Appeals, after a lengthy discussion of the policy considerations and weight of authority against allowing punitive damages against municipalities, found that punitive damages were ***not*** available against the District absent a statute expressly authorizing it. The purpose of a punitive damages

award, the *Smith* court held, was to deter wrongful behavior and to benefit those wronged by such behavior. The court found that assessing punitive damages against the District (which would require payment by tax dollars) would be in conflict with the purpose of punitive damages because it would only serve to punish the taxpayers, who are the exact people who should benefit from such an award. *Id.*

While the Court in *Smith* mentioned in dicta that there may be a theoretical possibility that punitive damages might be available against the District of Columbia under certain undefined "extraordinary circumstances," this issue was resolved in favor of the District in *Teart v. WMATA*, 686 F.Supp. 12 (D.D.C. 1988). In *Teart*, the Court first reiterated the long standing precedent that "[i]n the absence of express statutory authority, punitive damages are not recoverable against the District of Columbia." *See Teart,* 686 F.Supp. at 13. The *Teart* Court reviewed the "extraordinary circumstances" language included in the *Smith* decision, holding that this language was nothing but dicta, and stating specifically that ***no*** court had ever imposed punitive damages against the District. *Id*. at 14. The Court further held that "[t]his court will not create a baseline definition of a term which was formulated in dicta." *Id.* Accordingly, because existing case law does not allow for punitive damages against the District of Columbia, and, because even if there did exist a possibility for imposition of such damages under "extraordinary circumstances," clearly this case is not within such a category. Thus, the claim for punitive damages must be dismissed.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

          /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]

Chief, General Litigation, Section IV


    /s/ Leah Brownlee Taylor
LEAH BROWNLEE TAYLOR [0488966]
LETICIA L. VALDES [0461327]
Assistants Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7854; (202) 442-9845; (202) 727-6295

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tanya D. Lewis,<br><br>     Plaintiff,<br><br>     v.<br><br>District of Columbia, *et al.*<br><br>     Defendants. | C.A. No.: 07-0429 (RMU) |

## **ORDER**

Upon consideration of defendants District of Columbia and D.C. Department of Consumer and Regulatory Affairs' Motion to Dismiss, plaintiff's response thereto, if any, and the record herein, it is this ____ day of _____, 2007,

ORDERED:   that defendants Motion to Dismiss for Summary is hereby GRANTED for the reasons set forth in their motion, and it is,

FURTHER ORDERED: that plaintiff's First Amended Complaint against the District of Columbia and the District of Columbia Department of Consumer and Regulatory Affairs is dismissed with prejudice.

_____
Judge Ricardo M. Urbina

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tanya D. Lewis,<br><br>    Plaintiff,<br><br>    v.<br><br>District of Columbia, *et al.*<br><br>    Defendants. | C.A. No.: 07-0429 (RMU) |

## **ORDER**

Upon consideration of defendant District of Columbia and D.C. Department of Consumer and Regulatory Affairs' Motion for Summary Judgment, plaintiff's response thereto, if any, and the record herein, it is this ____ day of _____, 2007,

ORDERED:   that defendants' Motion for Summary Judgment is hereby GRANTED for the reasons set forth in their motion, and it is,

FURTHER ORDERED: that summary judgment is hereby granted in favor of defendants District of Columbia and the District of Columbia Department of Consumer and Regulatory Affairs.

_____
Judge Ricardo M. Urbina

2

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No<br>06-167-DC(CN)<br>10C-2006-0252 |
|---|---|---|

D.C. Office Of Human Rights                                                              and EEO
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Ms. Tanya D. Lewis | Home Phone (Incl. Area Code)<br>(202) 581-0029 | Date of Birth<br>03-15-196 |
|---|---|---|
| Street Address                          City, State and ZIP Code<br>3422 Highwood Drive, S. E., Washington, DC 20020 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>D.C. DEPT. OF CONSUMER & REGUL. AFF | No. Employees, Members<br>Unknown | Phone No. (Include Area C<br>(202) 442-445 |
|---|---|---|
| Street Address                          City, State and ZIP Code<br>941 North Capitol Street, N.E., Suite 9500, Washington,, DC 20002 | | |

| Name | No. Employees, Members | Phone No. (Include Area C |
|---|---|---|
| Street Address                          City, State and ZIP Code | | |

| DISCRIMINATION BASED ON (Check appropriate box(es).)<br>[X] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN<br>[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [X] OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest          Latest<br>05-24-2004     12-23-20<br>[ ] CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe I have been discriminated against and subjected to disparate treatment in the denial of a promotion and a hostile work environment on the bases of my race (Black), sex (female) and matriculation because:

I was hired by Respondent as an Electrical Inspector on February 11, 2002. I performed my duties well enou so that when the position of Electrical Supervisor became open on May 24, 2004, I was asked by the Chief of Building Inspection Division to act in the position.

On April 20, 2005, the position of Electrical Supervisor became open and I submitted my resume, application and all other requested information for the position, since I was more than qualified for the position. On information and belief, all the other applicants were Black males whose qualifications were not equal to mine. However, the selection was closed without a candidate being chosen, and I remained in the acting position.

On August 1, 2005, the position of Electrical Supervisor was again opened, with the qualifications modified to include elements which had been provided in my resume of April 2005. I applied for the position on August 1 2005. Again, no one was selected, even though I believe I was the most qualified of the other candidates (Black, males). On September 29, 2005, I was removed as the Acting Electrical Supervisor by the Acting Administrator for Building and Land Regulation Administration without any explanation and the position remained open.

In October 2005, the Electrical Supervisor position was advertised as "open until filled" and I applied on Octob 17, 2005. I again made the certification list, since I was highly qualified; more qualified than the other applicants (Black, female, males) who were either not licensed or were not a Master Electrician. On Decemb 23, 2005, Respondent sent me a notice that no one had been selected for the position, and the position was cancelled on November 7, 2005. When I inquired why I had not been selected, Respondent deflected my inquiry. Respondent has also not compensated me for my services as Acting Chief Electrical Inspector from

May 24, 2004 to September 29, 2005.

Currently, I am (pursuing a degree) in Business Management, and despite my superior qualifications and demonstrated performance, I have been warned that I will not be promoted or advanced. In addition, several employees have said that a female has never occupied a supervisory Electrical Inspector's position and neve will. Consequently, the electrical inspectors (male) have refused to follow my instructions, ostracized me and undermined my authority during this period. As a result, this harassment has created a hostile work environment for me, and the stress has caused me to seek medical attention.

Therefore, I charge Respondent with an unlawful discriminatory practice on the bases of my race, sex and matriculation, in violation of the D.C. Human Rights Act of 1977, as amended, and Title VII of the Civil Rights Act of 1964, as amended. I have not commenced any action, civil, criminal or administrative, based on the above allegations other than the following: CROSS FILED WITH THE EEOC.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3/16/2006    Tanya N. Lewis
Date         Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

Haydn Demas

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
My Commission Expires 12-14-2008
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Mar 16, 2006