## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tanya D. Lewis, <br><br> Plaintiff, <br><br> v. <br><br> District of Columbia, *et al.* <br><br> Defendants. | C.A. No.: 07-0429 (RMU) |

### DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THE IR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND/OR MOTION FOR SUMMARY JUDGMENT

Defendants District of Columbia (hereinafter "District) and the District of Columbia Department of Consumer and Regulatory Affairs (hereinafter "DCRA"), by and through undersigned counsel, herein reply to Plaintiff's Opposition to their Motion for Dismiss Plaintiff's Amended Complaint, and/or For Summary Judgment, and state as follows:

### Preliminary Statement

In opposition to these defendants' Motion to Dismiss and/or for Summary Judgment, plaintiff has failed to submit a statement of genuine facts in dispute and claims that the "determination of material facts" is premature due to lack of discovery. See Opposition, and Affidavit, generally.. Plaintiff's complete failure to dispute any of the dispositive issues raised by the defendant should be treated as conceded. .

SCR-Civil 56(c) provides that "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Paintiff failed to proffer any case law that disputes defendant's

entitlement to judgment as a matter of law.  As set forth below and in their motion to dismiss or for summary judgment, these defendants are entitled to judgment on all claims set forth in plaintiff's complaint.

**I.     Plaintiff has failed to properly plead a viable claim for failure to promote based on gender discrimination for Selections #1- #4 and plaintiff's gender discrimination claim for Selection #1 is time barred.**

Under any reasonable reading of the plaintiff's amended complaint, plaintiff has not set forth facts to properly plead her claim against these defendants.  *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).  Plaintiff utterly fails to address a key element needed to properly plead and/or establish a prima facie case of sex discrimination for Selections #1-#4 - that other equally or less qualified employees who were not members of the protected class (men) were promoted for selections #1-#4. See Opposition, generally. As previously stated, to plead a prima facie case of failure to promote, a plaintiff must demonstrate that : 1) she is a member of a protected class; 2) she was qualified and applied for the promotion; 3) she was rejected despite her qualifications; and **4) other equally or less qualified employees who were not members of the protected class were promoted.** See *Lee v. GTE Florida, Inc*. 226 F.3d 1249, 1253 (11th Cir. 2000). Plaintiff opposition and affidavit fail to allege that a male was promoted or selected for Selections #1- #4.  Therefore, the defendants are entitled to judgment as a matter of law.

**II.    Plaintiff failed to exhaust her administrative remedies with respect to her Selection #5 failure to promote claim which is now time barred**.

Plaintiff does not dispute that she failed to amend her OHR/EEOC charge to include the alleged May 1, 2006, non-selection for the Electrical Supervisor position. See Opposition and Affidavit, generally.  Plaintiff's failure to file an OHR or EEOC charge for gender discrimination based on her May 1, 2006, non-selection is fatal to that claim.  More than 300 days has lapsed since the alleged discriminatory act of non-selection, and therefore dismissal is appropriate.  See

2

Title VII. See 42 U.S.C. 2000(e)-5(3), requiring a plaintiff to exhaust her administrative remedies prior to filing suit.

### III. Plaintiff failed to exhaust her administrative remedies with respect to a retaliation claim.

Plaintiff does not dispute that she has never filed an EEOC or state agency charge related to her claims of retaliation against this defendant. See Opposition and Affidavit, generally. No discovery is required in order for her to respond to these arguments. A plaintiff claiming retaliation must include the charge in his or her EEOC or state agency charge. *See Sauzek v. Exxon Coal USA*, Inc. 202 F.3d 913 (7th Cir. 2000). Plaintiff's failure to file a charge of retaliation precludes her from proceeding against this defendant on her claim of retaliation. See OHR charge/affidavit.

### IV. Plaintiff has not properly pled hostile work environment.

Plaintiff alleges no facts in her complaint, or Affidavit that provide a factual foundation for a hostile work environment claim. See Opposition, generally, See also, Affidavit, generally. Plaintiff is the movant in this litigation. She is required to submit facts (even if merely bare boned) to support her claim that she worked in an environment permeated with discriminatory intimidation, ridicule, and/or insult, that was sufficiently severe or pervasive to alter the conditions of her employment and created an abusive working environment. *See Davis v. United States Postal Serv.,* 142 F.3d 1334, 1341 (10th Cir. 1998) (quotation omitted). .

Furthermore, plaintiff does not dispute that her hostile work environment claim is time barred. *See* Opposition, and Plaintiff only alleges one specific instance of a hostile work environment upon being appointed to Acting Electrical Supervisor, (shortly after May 24, 2004), when she was excluded from all male meetings by her subordinates where the attendees allegedly discussed strategies to undermine her supervisory efforts. See Amended Complaint, at

3

¶¶ 10 and 81.  Plaintiff did not file an OHR charge of hostile work environment until almost 2 years later, March 16, 2006. See OHR charge/affidavit. Plaintiff's failure to file a hostile work environment charge within 300 days since the alleged discriminatory act, bars this claim under Title VII.  See 42 U.S.C. 2000(e)-5(3).

      V.      **Plaintiff has failed to properly plead a prima facie case of constructive or wrongful discharge.**

Plaintiff has failed to allege any facts that would demonstrate that her employer deliberately made working conditions intolerable that drove her to involuntary quit.  *See Atlantic Richfield Co. v. D.C. Comm'n on Human Rights*, 515 A.2d 1095, 1011 (D.C. 1986). *See also, Bishopp v. D.C.*, 788 F.2d 781,790 (D.C. Cir. 1986).  Plaintiff has alleged no facts that would support constructive discharge by the District.   Discriminatory failure to promote unaccompanied by aggravating factors will not sustain a finding of constructive discharge. *See Dashnaw v. Pena,* 12 F.3d 1112, 1113 (D.C. Cir. 1994). Although plaintiff claims that discovery is warranted in this matter, she has failed to identify what discovery she needs in order to respond to the issues raised by the District in its summary judgment motion.  See Opposition, and Affidavit.  Instead, plaintiff seeks to begin a fishing expedition to obtain evidence to support her claims.  Because plaintiff has not pled **any** facts from which an objective finding of intentional discrimination could be made, plus a finding of aggravating factors that suggest the complainant was driven to quit, these defendants are entitled to dismissal of the claim.

      VI.      **The District of Columbia Department of Consumer and Regulatory Affairs is *non sui juris*.**

Plaintiff does not dispute in her Opposition or Affidavit that the D.C. Department of Consumer & Regulatory Affairs (DCRA), as body a within the District of Columbia government, is not suable as a separate entity.  *See Roberson v. District of Columbia Board of Higher*

*Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976). See Opposition, generally. Because DCRA is *non sui juris, p*laintiff cannot maintain her cause of action against it. Accordingly, dismissal of plaintiff's First Amended Complaint against DCRA is appropriate.

### VII.    **Punitive damages are not available against the District of Columbia.**

The case law is clear with respect to the issue of whether punitive damages are allowed against the District. Plaintiff has not cited or referred to any statutory language which expressly allows punitive damages against the District of Columbia in a case such as this. Plaintiff's failure to plead any "extraordinary circumstances" which would serve as an exception her request for punitive damages against this defendant requires dismissal of her claim for punitive damages.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

           /s/ Patricia A. Jones
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV


           /s/ Leah Brownlee Taylor
        LEAH BROWNLEE TAYLOR [0488966]
        LETICIA L. VALDES [0461327]
        Assistants Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-7854; (202) 442-9845; (202) 727-6295