**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Tanya D. Lewis,<br><br>     Plaintiff,<br><br>     v.<br><br>District of Columbia, *et al*.<br><br>     Defendants. | C.A. No.: 07-0429 (RMU) |

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Defendant, District of Columbia, by and through counsel, responds to the First Amended Complaint, as follows:

**FIRST DEFENSE**

The First Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

In response to the specifically numbered paragraphs set forth in the First Amended Complaint, defendant District of Columbia, responds in like-numbered paragraphs as follows:

**Jurisdiction and Venue**

1.    This defendants acknowledges the statutory authorities cited in paragraph 1 of the First Amended Complaint, but denies that jurisdiction and venue are necessarily conferred therefrom.

**The Parties**

2.    This defendant is without sufficient information to either admit or deny the allegations set forth in paragraph 2 of the First Amended Complaint.

3.	The District acknowledges its status as a municipal government and that the Department of Consumer and Regulatory Affairs is an agency of the District of Columbia. The remaining averments are the legal conclusions of the pleader to which no response is required from this defendant.

## **Facts**

4-6.	This defendant lacks sufficient information to either admit or deny the averments contained in paragraphs 4 through 6 of the First Amended Complaint.

7-8.	 This defendant lacks sufficient information at this time to either admit or deny the averments in paragraphs 7 and 8 of the First Amended Complaint.

9-10.	This defendant admits that plaintiff was temporarily promoted to the position of Acting Electrical Inspection Supervisor, MW 13, with an effective date of May 24, 2004, through September 29, 2005.  The remaining averments are the conclusions of the pleader to which no response is required.

11.	This defendant admits that the District advertised for the position of Electrical Inspection Supervisor.  This defendant also admits that plaintiff submitted an application for the position title Electrical Inspector.  This defendant lacks sufficient information at this time to either admit or deny the remaining averments in paragraph 11 of the First Amended Complaint.

12-13.	This defendant lacks sufficient information at this time to either admit or deny the averments in paragraphs 12 and 13 of the First Amended Complaint.

14.	This defendant admits that plaintiff's duties as Acting Electrical Supervisor ended on September 29, 2005.  The remaining allegations are the conclusions of the pleader to which no response is required.

15.     This defendant lacks sufficient knowledge and information at this time to either admit or deny the allegations as contained in paragraph 15 of the First Amended Complaint.

16.     This defendant admits that plaintiff filed a grievance for back pay.  This defendant lacks sufficient information to either admit or deny the remaining allegations set forth in paragraph 16 of the First Amended Complaint.

17-18.  This defendant is without sufficient information to either admit or deny the allegations set forth in paragraphs 17 and 18 of the First Amended Complaint. To the extent that a response is required, this defendant denies the allegations.

19.     This defendant admits that plaintiff separated from the agency on July 3, 2006.  This defendant can neither admit nor deny the remaining averments contained in paragraphs 19 of the First Amended Complaint.

20.     This defendant lacks sufficient information at this time to either admit or deny the averments in paragraph 20 of the First Amended Complaint.

21.     This defendant lacks sufficient knowledge and information at this time to either admit or deny the allegations as contained in paragraph 21 of the First Amended Complaint.

22.     This defendant admits that William Davidson was hired for the position of Electrical Supervisor, effective July 10, 2006.  This defendant lacks sufficient information at this time to either admit or deny the remaining averments in paragraph 22 of the First Amended Complaint.

23-25.  This defendant denies the allegations set forth in paragraph 23 through 25 of the First Amended Complaint.

26.     This defendant is without sufficient information to either admit or deny the allegations set forth in paragraphs 26 of the First Amended Complaint.

27-34. This defendant denies the allegations contained in paragraphs 27 through 34 of the First Amended Complaint.

## Count One
### Discrimination in Failing to Promote Plaintiff to the Vacant Position of Electrical Supervisor Vacancy Based upon Gender

35. This defendant reasserts each and every response contained in paragraphs 1 through 34 above as if fully set forth herein and hereby incorporates them by reference.

36. This defendant denies that plaintiff was employed with DCRA only from 2002-2004. Further answering, this defendant admits that plaintiff was appointed as Acting Electrical Supervisor when the position became vacant.

37. The averments contained in paragraph 37 are the conclusions of the pleader to which no response is required.

38. This defendant admits that plaintiff served as the Acting Electrical Supervisor from May 2004, through September 29, 2005, and that the agency sought to fill the position. This defendant lacks sufficient knowledge and information at this time to either admit or deny the remaining allegations as contained in paragraph 38 of the First Amended Complaint.

39. This defendant denies the allegations set forth in paragraph 39 of the First Amended Complaint.

## Count Two
### Discrimination in Failure to Promote Plaintiff to the Vacant Position of Electrical Supervisor

40. This defendant reasserts each and every response contained in paragraphs 1 through 39 above as if fully set forth herein and hereby incorporates them by reference.

41-42.   This defendant lacks sufficient knowledge and information at this time to either admit or deny the allegations as contained in paragraphs 41 and 42 of the First Amended Complaint. To the extent that a response is required, this defendant denies the allegations.

43.   This defendant admits that plaintiff applied for the position, but denies that her non-selection was the result of discrimination.  The remaining averments are the conclusions of the pleader to which no response is required.

**Count Three**
**Discrimination in Failure to Promote Plaintiff to the Vacant Position of Electrical Supervisor**

44.   This defendant reasserts each and every response contained in paragraphs 1 through 43 above as if fully set forth herein and hereby incorporates them by reference.

45-47.  This defendant lacks sufficient knowledge and information at this time to either admit or deny the date on which plaintiff applied for the position of Electrical Supervisor.  Further answering, the remaining allegations as contained in paragraphs 45 through 47 of the First Amended Complaint are the conclusions of the pleader to which no response is required. To the extent that a response is required, this defendant denies the allegations.

**Count Four**
**Discrimination in Failure to Promote Plaintiff to the Vacant Position of Electrical Supervisor**

49. [sic]  This defendant reasserts each and every response contained in paragraphs 1 through 47 above as if fully set forth herein and hereby incorporates them by reference.

50. [sic]  This defendant lacks sufficient knowledge and information at this time to either admit or deny the allegations as contained in paragraph 50 of the First Amended Complaint.

51. [sic]  The averments contained in paragraph 51 are the conclusions of the pleader to which no response is required.

52. [sic] This defendant lacks sufficient information at this time to either admit or deny the averments in paragraph 52 of the First Amended Complaint. Further answering, plaintiff's averment that the agency did not seriously consider the qualified African American female for the position that is the subject of this litigation is a conclusion of the pleader to which no response is required.

53. [sic] The allegations in paragraph 53 of the First Amended Complaint are the conclusions of the pleader to which no response is required.

54. [sic] This defendant lacks sufficient knowledge and information at this time to either admit or deny the allegations as contained in paragraph 54 of the First Amended Complaint.

55. [sic] This defendant denies the allegations set forth in paragraph 55 of the First Amended Complaint.

56. [sic] The averments contained in paragraph 56 are the conclusions of the pleader to which no response is required. To the extent a response is required, this defendant denies the allegations.

**Count Five**
**Discrimination in Failure to Promote Plaintiff to the Vacant Position of Electrical Supervisor**

57. [sic] This defendant reasserts each and every response contained in paragraphs 1 through 56 above as if fully set forth herein and hereby incorporates them by reference.

58-64. [sic] By Order, dated January 24, 2008, the above-count was dismissed against this defendant, and therefore does not require a response.

Further answering, the District denies all allegations of wrongdoing, not specifically denied or otherwise responded to.

## Count Six
### Discrimination in Failure to Promote Plaintiff to the Vacant Position of Electrical Supervisor

65. [sic]  This defendant reasserts each and every response contained in paragraphs 1 through 64 above as if fully set forth herein and hereby incorporates them by reference.

66-70. [sic]  By Order, dated January 24, 2008, the above-count was dismissed against this defendant, and therefore does not require a response.

   Further answering, the District denies all allegations of wrongdoing, not specifically denied or otherwise responded to.

## Count Seven
### Discrimination in Failure to Promote Plaintiff to the Vacant Position of Electrical Supervisor in Violation of District of Columbia Personnel Rules, Procedures and Policies

71. [sic]  This defendant reasserts each and every response contained in paragraphs 1 through 70 above as if fully set forth herein and hereby incorporates them by reference.

72-79.  By Order, dated January 24, 2008, the above-count was dismissed against this defendant, and therefore does not require a response.

   Further answering, the District denies all allegations of wrongdoing, not specifically denied or otherwise responded to.

## Count Eight
### Retaliation and Reprisal and Creation of a Hostile Work Environment and discouraging Participation in a Protected Activity

80. [sic]  This defendant reasserts each and every response contained in paragraphs 1 through 79 above as if fully set forth herein and hereby incorporates them by reference.

81. [sic]  The averments contained in paragraph 81 are the conclusions of the pleader to which no response is required.  To the extent a response is required, this defendant denies the allegations.

82-84. [sic] This defendant denies the allegations set forth in paragraphs 82 through 84 of the First Amended Complaint.

## Count Nine
### Retaliation and Reprisal and Creation of a Hostile Work Environment

85. [sic]  This defendant reasserts each and every response contained in paragraphs 1 through 84 above as if fully set forth herein and hereby incorporates them by reference.

86-88. [sic]  This defendant denies the allegations set forth in paragraphs 86 through 88 of the First Amended Complaint.

## Count Ten
### Constructive Discharge an Wrongful Discharge from a Position of Employment

89. [sic]  This defendant reasserts each and every response contained in paragraphs 1 through 88 above as if fully set forth herein and hereby incorporates them by reference.

90-97. [sic]  This defendant denies the allegations set forth in paragraphs 90 through 97 of the First Amended Complaint.

Further answering, the District denies all allegations of wrongdoing, intentional, negligent or otherwise, not specifically denied or otherwise responded to.

### THIRD DEFENSE

Plaintiff's claims against this defendant do not rise to the level of a constitutional violation based on gender and/or any other discriminatory misconduct.

### FOURTH DEFENSE

The plaintiff's EEOC claim and/or lawsuit may have been filed in an untimely fashion with respect to plaintiff's claims against this defendant.

**FIFTH DEFENSE**

Plaintiff failed to fully exhaust her administrative remedies and failed to comply with other mandatory filing requirements.

**SIXTH DEFENSE**

Plaintiff may have failed to mitigate her damages.

**SEVENTH DEFENSE**

The applicable statutes of limitations bars part and/or all of this action against this defendant.

**EIGHTH DEFENSE**

This defendant denies all allegations of wrongdoing, including, but not limited to, violations of common law, statutory law, the U.S. Constitution, District of Columbia law, and statutory and operational standards.

**NINTH DEFENSE**

Plaintiff's conspiracy claim fails as a matter of law because the District cannot conspire against itself.

**TENTH DEFENSE**

The District's liability may be barred by the doctrines of sovereign immunity, governmental immunity, privilege, and/or discretionary function.

**ELEVENTH DEFENSE**

Plaintiff cannot establish that this defendant created a hostile work environment, and/or retaliated against her for allegedly engaging in protected activity.

The District reserves the right to assert any additional defenses of which he may become aware during discovery in this matter, as well as the right to delete any defenses previously raised herein based on the evidence adduced during discovery.

## SET-OFF

Defendant District of Columbia claims a set-off for any and all funds paid to plaintiff by this defendant, including any grants or other public funds made available to plaintiff or on plaintiff's behalf.

## JURY DEMAND

This defendant demands a jury trial on all issues so triable.

WHEREFORE, having fully answered, this defendant requests that the plaintiff's First Amended Complaint be dismissed with prejudice, with costs awarded. FURTHER, this defendant reserves the right to amend this answer pursuant to Fed. P. Civ. R. 15.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


　　　/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV


　　　/s/ Leticia L. Valdes
LETICIA L. VALDES [0461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
 (202) 442-9845; (202) 727-6295
Leticia.valdes@dc.gov