UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Tanya D. Lewis,

    Plaintiff,

    v.

District of Columbia, *et al*.

    Defendants.

C.A. No.: 07-0429 (RMU)

## JOINT SUBMISSION PURSUANT TO LOCAL RULE 16.3

Pursuant to Local Rule 16.3, the parties hereby report on the Meet and Confer Conference in the above-captioned case. Counsel for Plaintiff conferred by electronic means with counsel for Defendant. As required by Rule 16.3, the following matters were discussed:

I. **Plaintiff's Statement of the Case:**

That Plaintiff is an African American female and a resident of the District of Columbia. She is a master electrician. On February 11, 2002, she was hired by the District of Columbia Regulatory Affairs (the "Agency") as an Electrical Inspector. On May 24, 2004, Plaintiff was appointed to the position of Acting Electrical Supervisor. That on May 24, 2004, the position of Electrical Supervisor (the "Position") became open for competitive selection. The Plaintiff applied for the position and was certified as "qualified." All other candidates were African American male, non-District of Columbia residents. None of the other applicants possessed qualifications equal to those of the Plaintiff. The selection process was closed without a selection and thereafter the Position remained open and advertised for candidate competition four successive times. Each time the Plaintiff applied, was the most qualified candidate and each time the selection process was closed without a selection. On January 3, 2006, Plaintiff filed a

complaint for discrimination alleging that she had been the victim of employment sex/gender discrimination for denial of promotion to the Position. On July 7, 2006, Plaintiff resigned from the Agency and during the same month an African American male candidate with qualifications inferior to those of the Plaintiff was hired into the Position. The Plaintiff alleges she was denied the Position due to discrimination and is the victim of (1) sex and gender, (2) retaliation and reprisal, (3 )creation of a hostile work, and (4) constructive termination and wrongful discharge from employment.

**Defendant's Statement of the Case:**

On or about May 2004, Plaintiff, an African-American female, was selected as the Acting Electrical Supervisor at the D.C. Consumer and Regulatory Affairs agency. She served in that position from 2004-2005. Plaintiff avers that she applied for the Electrical Supervisor position on April 20, 2005 (Selection 1), August 1, 2005 (Selection 2), and October 17, 2005 (Selection 3), but was not selected because of her sex and gender.

Plaintiff avers that her supervisors created a hostile work environment and excluded her from all male meetings. On March 16, 2006, plaintiff filed with the Office of Human Rights a discrimination charge alleging race, sex and other (matriculation) discrimination, and resigned from the agency on July 7, 2006. Plaintiff seeks to hold the District liable for discrimination based on (1) sex and gender, (2) retaliation and reprisal, (3 )creation of a hostile work, and (4) constructive termination and wrongful discharge from employment. The District had a legitimate business reason for all of its actions. The District denies all allegations of wrongdoing, including the creation of a hostile work environment, and discriminating and/or retaliating and/or reprisal against Plaintiff based on sex and/or gender. Lastly, the District denies that Plaintiff was constructively and/or wrongfully discharged from employment.

**II.     Procedural Status:**

Plaintiff filed the complaint in this matter on March 5, 2007, and her First Amended complaint on May 14, 2007. On January 24, 2008, the Court granted in part and denied in part the Defendants' Motion, and the District of Columbia is the only remaining party Defendant. On February 28, 2008, the District filed an answer to the Plaintiff's First Amended Complaint. On March 26, 2008, the Court issued an order providing that the Plaintiff proceed to meet and confer pursuant to Rule 16.3, and scheduled an Initial Scheduling Conference for May 27, 2008.

**1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The District filed a dispositive motion that was ruled upon by this Court. The District believes that the case may be amenable to summary judgment. The District proposes a schedule for summary judgment briefing as set forth in its response to issue No. 6, *infra*, and in its proposed scheduling order. The Plaintiff is not likely to file a dispositive motion at the conclusion of discovery.

**2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The parties agree that all parties shall be joined and that any amendments to pleadings be completed within 60 days of the entry of the scheduling order by the Court. The parties do not believe any factual and legal issues can be agreed to or narrowed at this time.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not believe that the case should be assigned to a magistrate for all purposes.

**4.     Whether there is a realistic possibility of settling the case.**

The parties are willing to explore the possibility of settlement, but believe that settlement discussions are more appropriate after discovery has been completed and/or a ruling on any filed dispositive motion.

**5.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties do not believe that the case would benefit from alternative dispute resolution procedures at this time but are willing to explore the possibility after the close of discovery, and/or a ruling on any filed dispositive motion.

**6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions**.

The District believes that this matter may be disposed of in its entirety by dispositive motion.  The parties propose the following schedule for summary judgment briefing: (a) all motions for summary judgment shall be filed by not later than 45 days after the close of discovery; (b) all oppositions shall be filed by no later than 30 days of the filing of the initial motion; (c) replies, if any, shall be filed by no later than 15 days after the filing of any opposition.

**7.     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties will follow the procedures set forth in Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2 for the exchange of initial disclosures.  The parties will exchange initial disclosures by June 19, 2008.

**8.    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree that five months is an appropriate fact discovery period in this case and the presumptive limits for complex litigation should apply. The parties request that depositions be limited to 10 for each side, lasting no more than 7 hours each, and a limit of 25 interrogatories per side. The District further reserves the right to seek the entry of appropriate protective orders for high ranking officials of the District of Columbia government, and/or for the release of any personnel or other confidential records. All parties reserve the right to seek the entry of an appropriate protective order or orders.

**9.    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree to exchange expert witness reports and information, if any, pursuant to Fed. R. Civ. P. 26(a)(2), and any experts shall be deposed before the close of discovery.

The parties propose that plaintiff's expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) be identified within 75 days of the entry of the scheduling order with rebuttal expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(C) be identified within 45 days after plaintiff has identified her experts.

**10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

The provisions of this paragraph are not applicable because this case is not a class action.

**11.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

5

Plaintiff does not anticipate the need for bifurcation of either trial or discovery. The District reserves the right to seek bifurcation if appropriate.

**12. The date for a pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that a pretrial conference be held within 30 days of the Court's ruling on any motion for summary judgment, or 60 days after the close of discovery if no motion for summary judgment is filed.

**13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that a trial date be set at the Pretrial Conference.

**14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None at this time.

                Respectfully Submitted,

                /s/ John F. Mercer
                John F. Mercer (542595)
                Tec Law Group, PLLC.
                1629 K Street, N.W.
                Suite 300
                Washington, D.C. 200036

                Counsel for the Plaintiff

                PETER J. NICKLES
                Interim Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General, Civil Litigation Division

                /s/ Patricia A. Jones
                PATRICIA A. JONES [428132]
                Chief, General Litigation, Section IV

   /s/ Leticia L. Valdes
LETICIA L. VALDES [461327]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
 (202) 442-9845; (202) 730-1881
Leticia.valdes@dc.gov

Counsel for the District of Columbia

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

Tanya D. Lewis,

    Plaintiff,

    v.

District of Columbia, *et al*.

    Defendants.

C.A. No.: 07-0429 (RMU)

## **PROPOSED SCHEDULING ORDER**

The Court, having considered the issues raised by the parties with respect to scheduling, and for good cause shown, it is on this ____ day of _____, 2008, hereby

ORDERED that the following schedule shall govern the proceedings in this action:

1.    All additional parties shall be joined and all amendments to pleadings completed within 60 days of the entry of this Order, on or before July 28, 2008.

2.    All discovery shall be completed by October 27, 2008.

3.    Each side may conduct 10 depositions, lasting no more than 7 hours each, and propound 25 interrogatories to the other side.

4.    Expert discovery shall be completed by the close of discovery as follows:

    (a)    Plaintiff's experts shall be identified and expert reports disclosed as described by Fed. R.Civ. P. 26(2)(B) within 75 days of the entry of this Order, or by August 12, 2008, whichever date is the latest.

    (b)    Rebuttal experts, as described by Fed. R.Civ. P. 26(2)(C), shall be identified and rebuttal reports disclosed 45 days after plaintiff's disclosure of experts, or by September 29, 2008, whichever date is the latest.

(c)     Depositions of all experts shall be completed by October 27, 2008, the close of discovery.

5.      Any motion for summary judgment shall be filed by no later than 45 days after the close of discovery, or by December 12, 2008, whichever date is the latest.  Any opposition shall be filed by no later than 30 days after the filing of the initial motion.  A reply, if any, shall be filed by no later than 15 days after the filing of any opposition.

6.      The pretrial conference shall be held within 30 days of the Court's ruling on a motion for summary judgment.  If no motion for summary judgment is filed, the pretrial conference shall be held within 60 days after the close of discovery.

7.      The trial date shall be scheduled at the Pretrial Conference.

IT IS SO ORDERED.

_____
RICARDO URBINA
United States District Court Judge