# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TANYA D. LEWIS,            :
                                   :

          Plaintiff          :

                                   :         Civil Action No.:  07-0429 (RMU)

          v.            :

DISTRICT OF COLUMBIA,      :

          and         :

DISTRICT OF COLUMBIA      :
DEPARTMENT OF CONSUMER AND  :
REGULATORY AFFAIRS,       :

          Defendants.     :

---

### PLAINTIFF TANYA LEWIS'S MOTION TO CERTIFY THE COURT'S JANUARY 24, 2008 ORDER AS FINAL PURSUANT TO RULE 54(b)

Plaintiff Tanya Lewis, by her undersigned counsel, pursuant to Federal Rule of Civil Procedure 54(b), respectfully moves this Court to certify its Order dated January 24, 2008, as final for purposes of an immediate appeal

### PROCEDURAL BACKGROUND

On May 14, 2007, plaintiff Tanya Lewis filed her First Amended Complaint, alleging, *inter alia*, a series of discriminatory non-selection and retaliation claims arising out of defendants' repeated refusal to promote Ms. Lewis to a vacant position within the District of Columbia Department of Consumer and Regulatory Affairs.  Dkt. No. 6.  On January 24, 2008, this Court entered an Order dismissing some of those claims on the grounds that Ms. Lewis failed to exhaust her administrative remedies with respect to conduct that occurred after Ms. Lewis filed charges before the EEOC.  Dkt. No. 13.  Tanya Lewis respectfully asks the Court to certify those dismissed claims as final pursuant to Federal Rule of Civil Procedure 54(b), so that

she may immediately appeal their dismissal to the United States Court of Appeals for the District of Columbia Circuit.[1]

ARGUMENT

Through its Order, this Court dismissed Lewis' recent claims on the grounds that she failed to properly exhaust her administrative remedies before the EEOC—a legal issue unrelated to the merits of the claims remaining pending before this Court. In such circumstances, FRCP 54 permits a district court to certify one or more claims as final for purposes of immediate appeal, even when less than all claims before the court have been disposed of. *See* Fed. R. Civ. P. 54(b); *see also Hill v. Henderson*, 195 F.3d 671, 672 (D.C. Cir. 1999); *Tolson v. United States*, 732 F.2d 998, 1001 (D.C. Cir. 1984).

The Court should exercise that authority here, and certify its Order as final. As set forth below, the dismissal of Lewis' claims raises legal questions that have divided both this Court and courts across the country. A swift and immediate appeal of these discrete legal issues would not interfere with this Court's continued jurisdiction over the surviving claims, and would provide substantial benefits to both the Court and the parties.

## I.   THIS COURT'S ORDER ADDRESSES IMPORTANT AND UNRESOLVED QUESTIONS OF FEDERAL LAW.

This Court's Order squarely presents two significant and unresolved legal questions regarding the effect of the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), on the administrative exhaustion of claims arising out of conduct that occurs *after* a charge is filed with the EEOC. This confusion—already noted by the Court in its Order and currently permeating the federal courts—merits the certification of the Order as

---

[1] Pursuant to Local Civil Rule 7(m), plaintiff sought and was denied defendant's concurrence in this motion.

final for purposes of immediate appeal. *See In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1120-21 (7th Cir. 1979) (partial final orders presenting "unresolved legal questions" should be appealed without delay).

### A.     Courts Have Divided Over *Morgan*'s Effect on the Longstanding Principle that Post-Filing Retaliation Claims Need Not be Separately Exhausted

As Defendant concedes in its Memorandum in Support of Summary Judgment, Dkt. No. 8 at 5 (June 1, 2007), Lewis raises a series of retaliation claims in her Amended Complaint averring that adverse employment actions were taken, in part, "for purpose[s] of retaliation against [her] for engaging in protected EEO/AA civil rights activities." Amended Complaint, Dkt. No. 6 at ¶¶ 80–84. By dismissing Lewis' claims relating to her fourth and fifth non-selections in their entirely, this Court's January 24 Order dismissed these retaliation claims on the grounds that Lewis failed to separately exhaust them by amending her pending charges before the EEOC. Whether such separate exhaustion is required, however, is an issue that has bitterly divided the federal courts of appeals, as well as district courts within this circuit.

Retaliation claims, by definition, arise after the filing of an EEO charge. For that reason, many courts have long held that post-filing retaliation claims need not be separately exhausted. *See, e.g.*, *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981) ("Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case[,] a double filing that would serve no purpose except to create additional procedural technicalities."). Even after *Morgan*, courts have continued to recognize that retaliation claims are governed by more lenient exhaustion requirements, such that the filing of a new EEOC charge is *not* required. As the Second Circuit astutely noted:

> [T]o not allow such an exception would have the perverse result of rewarding the most egregious forms of retaliation. The more effective an employer was at using

retaliatory means to scare an employee into not filing future complaints, the less
likely the employee would be able to hold the employer liable for that retaliation.

*Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003). Of the circuit courts to have considered the

issue, a majority have agreed that *Morgan* does not disturb the longstanding rule that post-filing

retaliation claims need not be separately exhausted. *See Delisle v. Brimfield Twp. Police*, 94

Fed. Appx. 247, 253 (6th Cir. 2004) (holding that *Morgan* does not require separate exhaustion

of administrative remedies for retaliatory acts occurring after the EEOC charge); *Rivera v. P.R.*

*Aqueduct & Sewers Auth.*, 331 F.3d 183, 189 (1st Cir. 2003) (noting a "judicial complaint can

encompass [post-charge] discrete acts of retaliation reasonably related and growing out of the

[EEOC charge]."); *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) ("[O]ur holding

today does not negate the relevance of allegedly retaliatory incidents as to which administrative

remedies have not been exhausted, when these incidents occurred after the filing of the judicial

complaint."); *Lyons v. England*, 307 F.3d 1092, 1103-05  (9th Cir. 2002) (holding that post-

charge retaliation claims were not barred by failure to exhaust administrative remedies). *But see*

*Dunlap v. Kan. Dep't of Health and Environ.*, 127 Fed. Appx. 433, 438 (10th Cir. 2005)

(expanding *Martinez* to require separate exhaustion of post-charge retaliatory conduct).

Lacking controlling guidance from the D.C. Circuit, this Court relied upon two district

court cases holding that *Morgan* requires separate exhaustion of subsequent retaliatory acts. *See*

Order at 9-10 (citing *Romero-Ostolaza v. Ridge*, 370 F. Supp. 2d 139 (D.D.C. 2005), and

*Coleman-Adebayo v. Leavitt*, 326 F. Supp. 2d 132 (D.D.C. 2004). Though the decision to follow

other opinions of this Court is understandable, these opinions were undermined by this Court's

subsequent decision in *Hazel v. Washington Metro Area Transit Authority*, which permitted suit

on subsequent retaliatory conduct that was "reasonably related" to exhausted conduct but not

- 4 -

separately exhausted. *See* Civ. No. 02-1375, 2006 U.S. Dist. LEXIS 89139, at *21 (D.D.C. Dec. 1, 2006).

> **B.**    **Courts Are Similarly Divided as to *Morgan*'s Effect on the Continuing Violation Doctrine as Applied to Post-Filing Discriminatory Conduct**

*Morgan*'s effect on claims arising out of post-filing conduct giving rise to separate but related claims of employment discrimination has similarly divided the judiciary, with the circuits generally adopting two divergent positions: the Tenth Circuit's approach, articulated in *Martinez v. Potter*, 347 F.3d 1028 (10th Cir. 2003) and the Eighth Circuit's approach in *Wedow v. City of Kan.*, 442 F.3d 661 (8th Cir. 2006). The *Martinez* approach draws a hard and fast rule that *Morgan* requires that any post-filing conduct be separately exhausted, 347 F.3d 1210–11, while the *Wedow* line holds that that, even after *Morgan*, subsequent related conduct of an ongoing and continuing nature need not be separately exhausted, 442 F.3d at 674. This Court noted the circuit split in its Order, and acknowledged that the narrower reading of *Morgan* would permit suit on "related" claims of discriminatory conduct, even if not separately exhausted. Order at 10. Yet the Court nevertheless dismissed Lewis' fourth and fifth non-selection claims on the grounds that she did not expressly *allege* "a continuous and ongoing pattern" of conduct in her EEOC charge. Order at 11.

This holding, while attempting to strike a delicate balance on uncertain legal terrain, still misconstrues the requirements of *Morgan* as applied to post-filing conduct. *Morgan*'s holding was simple: administrative exhaustion requirements are intended to bar stale and outdated claims. 536 U.S. at 114–15. Thus the Eighth Circuit in *Wedow* held that, where the conduct is related such that the EEOC should or would investigate the subsequent conduct, *Morgan* does not bar suit on that conduct. 442 F.3d at 674.

*Wedow* did not, and should not, create a talismanic requirement that a complainant expressly allege "ongoing and continuing" conduct in her EEOC complaint—such a rule requires unreasonable prescience on the part of a plaintiff. Rather, many courts following *Wedow* have conducted independent investigations into whether the post-filing incidents are "reasonably related to" or "reasonably could be expected to grow out of" an earlier charge. *See, e.g.*, *Patsakis v. E. Orthodox Found.*, No. 04-1662, 2006 U.S. Dist. LEXIS 55330, at *21-22 (W.D. Penn. May 17, 2006) (finding claim arising out of post-charge termination grew out of charge without requiring any such suggestion in charge itself); *cf. Spellman v. Seymour Tubing Inc.*, No. 4:06-CV-0013, 2007 U.S. Dist. LEXIS 28779, at *8-10 (S.D. Ind. Apr. 12, 2007) (conducting independent analysis of relatedness); *Griggs v. Univ. Health Sys.*, No. SA-06-CA-0384-XR, 2007 U.S. Dist. LEXIS 19277, at *10 (W.D. Tex. Mar. 7, 2007) (same); *Patsakis v. E. Orthodox Found.*, No. 04-1662, 2006 U.S. Dist. LEXIS 55330, at *21-22 (W.D. Penn. May 17, 2006) (same); *Roger-Vasselin v. Marriot Int'l, Inc.*, No. C04-4027, 2006 U.S. Dist. LEXIS 52729, at *12 (N.D. Cal. July 19, 2006) (applying same reasoning to exhaustion of ADEA claim). Under this interpretation of *Wedow* and *Morgan*, Ms. Lewis's post-filing discrimination claims would *not* require separate exhaustion.

The D.C. Circuit Court has "declined to weigh in" on the appropriate way to reconcile *Morgan*'s effect on claims relating to post-charge conduct, Order at 9, leaving this Court to formulate a variety of tests creating an array of disparate outcomes. *See, e.g.*, *Hazel*, 2006 U.S. Dist. LEXIS 89139, at *24-25 (holding post-filing conduct exhausted); *Adams v. Mineta*, No. 04-856, 2006 U.S. Dist. LEXIS 5783, at *11, *14 (D.D.C. Feb. 16, 2006) (holding post-filing retaliation claim not exhausted where plaintiff specifically alleged "an ongoing series of incidents" because *Morgan* requires "strict adherence to the procedural requirements");

- 6 -

*Coleman- Adebayo*, 326 F. Supp. 2d at 139-39 & n.3 (holding post-filing retaliation claim not

exhausted but querying whether "pervasive and ongoing conduct" would form an exception

under *Morgan*); *Velikonja v. Mueller*, 315 F. Supp. 2d 66, 74 (D.D.C. 2004) (holding post-filing

conduct exhausted, noting inconsistent outcome in *Bowie v. Ashcroft*, 283 F. Supp. 2d 25, 43

(D.D.C. 2003)).

     The lack of uniformity of decisions within this Court regarding both of these issues,

combined with the divisions they have sown among the courts of appeals, makes guidance from

the D.C. Circuit all the more important.  Certification and immediate appeal would afford the

D.C. Circuit a clear opportunity to address and resolve the disorder, by presenting the court of

appeals with a well-tailored vehicle through which it could consider the questions, resolve the

conflicts, and ensure the accurate and uniform resolution of this and future cases.

**II.    IMMEDIATE APPEAL OF THESE LEGALLY-DISTINCT ISSUES WOULD
FURTHER JUDICIAL EFFICIENCY WITHOUT INTERFERING WITH THIS
COURT'S PROCEEDINGS.**

     As explained above, Lewis' claims relating to her fourth and fifth non-selection were

dismissed for reasons factually and legally unrelated to the merits of her surviving claims.  In

light of the confusion regarding these issues, including continuing conflict within this very

Court, immediate appeal to the D.C. Circuit would further the resolution of both this case and

future cases by presenting the issue to the court of appeals in a targeted manner.  In such

circumstances—where certain claims are separate, distinct, and independent such that the

remaining claims can proceed unhindered in the district court—certification under Rule 54(b) is

appropriate.  *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 6 (1980).

     Any appeal of the dismissal of Lewis' post-filing non-selection claims raises distinct

legal issues that will not affect the ongoing proceedings on Lewis' remaining claims.   The

exhaustion doctrine issues that would be raised by immediate appeal of the Order have no

relation to the merits of Lewis' surviving discrimination and retaliation claims. Lewis'
remaining Title VII claims may therefore proceed to discovery while the appeal is pending,
without any concern that the appeal could undermine the parties' efforts. Reversal of the Order
on appeal would merely reinstate additional claims in the district court proceeding, without
affecting either parties' litigation position as to the pending claims.

Meanwhile, certifying the dismissal of Lewis' fourth and fifth non-selection claims for
appeal would advance judicial efficiency. If appeal of the dismissal of Lewis' post-filing claims
is delayed until after trial, then reversal on appeal would require the parties to restart the entire
litigation process—including dispositive motions, discovery and depositions, and potentially a
second full trial. By contrast, if a swift, immediate appeal results in a reversal of the Order, then
Lewis' fourth and fifth non-selection claims could return to this Court for resolution alongside
Lewis's remaining claims in a single trial. For this reason, certification under Rule 54(b) could
serve its recognized purpose as an "escape hatch," helping the parties and the Court avoid the
"need for new and duplicative proceedings that immediate review would have avoided." *Hill*,
195 F.3d at 672.

Furthermore, certification of the Order would provide benefit to similarly-situated parties
throughout this district, in addition to the benefits accorded within the instant case. So long as
*Morgan*'s affect upon the exhaustion of claims arising out of post-filing conduct remains
unaddressed by the court of appeals, this Court runs the risk of issuing contradictory and
inconsistent decisions—as it has done in the past. *See supra*, at 6-7. Immediate appeal would
thus benefit the Court on an institutional level, by presenting the D.C. Circuit with a clear vehicle
through which is can finally address these contentious legal issues.

## CONCLUSION

As this Court observed in its Order, "Circuits are split on how broadly to construe the Supreme Court's holding" in *Morgan*. Order, at 8. The resolution of that confusion—a confusion that has divided the courts of appeals and produced inconsistent outcomes from this Court—is utterly dispositive of Lewis' fourth and fifth non-selection claims. These important questions of federal law should be raised with haste in the court of appeals so that a single, clear rule of law can govern this and other like cases. Immediate appeal would therefore benefit the parties, the Court, and other litigants throughout the district that struggle with these difficult issues.

WHEREFORE, Plaintiff respectfully requests this Court, pursuant to Rule 54(b), certify the dismissal of Lewis' fourth and fifth non-selection claims as final for purposes of immediate appeal.

DATED:      August 15th, 2008

RESPECTFULLY SUBMITTED,

By: _____
John R. Mercer, Esq. (DC Bar 184549)
MERCER LAW ASSOCIATES, PLLC
1629 K Street, N.W.
Suite 300
Washington, D.C. 20036
Office: (202) 349-1686
Fax: (240) 206-8486
Email: jmjmercer@aol.com

Paul M. Thompson (DC Bar 973977, *admitted pro hac vice*)
Jeffrey W. Mikoni (DC Bar 501982, *admitted pro hac vice*)
Kelly M. Falls (IL Bar 6294241, *admitted pro hace vice*)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
Office: (202) 756-8000
Fax: (202) 756-8087
Email: pthompson@mwe.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 15, 2008 the foregoing was filed

electronically with the Clerk of the Court to be served through the Court's electronic filing

system upon Leticia Valdes, Assistant Attorney General for the District of Columbia, 441 4th

Street, N.W., Sixth Floor South, Washington, D.C. 20001.

John F. Mercer

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TANYA D. LEWIS,               :

           Plaintiff        :

                    :       Civil Action No.:  07-0429 (RMU)

          v.             :

DISTRICT OF COLUMBIA,      :

          and          :

DISTRICT OF COLUMBIA       :
DEPARTMENT OF CONSUMER AND  :
REGULATORY AFFAIRS,       :

        Defendants.    :

_____:

### PROPOSED ORDER

For the reasons stated in the Court's January 24, 2008 Memorandum Opinion, it is this ____ day of August, 2008,

**ORDERED** that the plaintiff's fourth and fifth non-selection counts are dismissed for failure to exhaust administrative remedies.

**FURTHER ORDERED** that the dismissal of plaintiff's fourth and fifth non-selection counts, and all legal claims arising therefrom, are certified as final pursuant to Fed. R. Civ. P. 54(b) for purposes of appeal.

**SO ORDERED**.

                                  _____

                                    RICARDO M. URBINA
                                    United States District Judge