**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Tanya D. Lewis,<br><br>    Plaintiff,<br><br>    v.<br><br>District of Columbia, *et al*.<br><br>    Defendants. | C.A. No.: 07-0429 (RMU) |

**DEFENDANT DISTRICT OF COLUMBIA'S RESPONSE AND OPPOSITION TO PLAINTIFF TANYA LEWIS' MOTION TO CERTIFY THE COURT'S JANUARY 24, 2008, ORDER AS FINAL PURSUANT TO RULE 54(b)**

Defendant District of Columbia (hereinafter "defendant"), by and through counsel, hereby opposes plaintiff's Motion to Certify the Court's January 24, 2008, Order as Final Pursuant to Rule 54(b). In support of its opposition, this defendant states as follows:

**I.    PRELIMINARY STATEMENT**

Plaintiff filed the instant action on March 5, 2007. Thereafter, on or about May 14, 2007, plaintiff filed her First Amended Complaint, alleging that she applied for the position of Electrical Supervisor with the District of Columbia Department of Consumer and Regulatory Affairs several times and despite being the most qualified candidate she was denied the position on the basis of her gender. *See* Complaint, generally. According to the plaintiff, she was treated differently from male employees similarly situated and was retaliated against for her involvement in protected activities. *See* Complaint, at ¶¶ 33 and 34.

On or about June 1, 2007, the District of Columbia filed its Motion to Dismiss plaintiff's First Amended Complaint. On January 24, 2008, this Honorable Court granted in part and denied in part the District's motion. The Court found that plaintiff failed to exhaust her administrative

remedies for two of the five non-selections, and failed to oppose the defendant's assertion that no private right of action exists for violating D.C. Personnel Rules.

Plaintiff now moves to Certify the Court's January 24, 2008, Order as Final Pursuant to Rule 54(b). For the reasons set forth below, this Court should deny plaintiff's Motion.

## II.   ARGUMENT

Before the appellate court can acquire jurisdiction over the dismissed claims in this matter this court must make two determinations on the record: (1) that it is dealing with a final judgment and (2) whether there is any just reason for delay. *See Bldg. Indus. Ass'n of Super. Calif. v. Babbitt,* 161 F.3d 740, 743 (D.C. Cir. 1998). As is clear by this Court's January 24, 2008, Order, no finality has been given to the dismissal of plaintiff's claims. In fact, as recognized by plaintiff, the Court's January 24, 2008, Order is not a final Order. Therefore, plaintiff moves this Court pursuant to Fed. R. Civ. P. 54(b), to give finality to that order and certify it for appeal. See Pl.'s Motion, generally. In essence, plaintiff seeks to appeal the Court's decision piecemeal. Piecemeal appeals are the **exception** and not the rule.

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief, … the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only** if the court determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims… does not end the action as to any of the claims… and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Plaintiff has not met her burden to show that an immediate appeal is necessary, and her arguments simply do not show that there is no just reason for delay, which must be found by the Court before it grants plaintiff relief under Rule 54.

Plaintiff's dismissed claims are part of ongoing litigation before this Court. It appears that plaintiff seeks to proceed with those "live" claims while at the same time have this Court certify those claims it has dismissed. See Pl.'s Motion, generally. Plaintiff argues that if appeal of the dismissal of her post-filing claims is delayed until after trial, then reversal on appeal would require the parties to restart the entire litigation process, including dispositive motions, discovery an depositions, and potentially a second full trial. See Pl.'s Mtn, at pg. 8. What plaintiff fails to recognize is that after the case is fully resolved if she then appeals, and if the Appellate Court affirms this Court's decision, there will be no need for further litigation. Moreover, because there are remaining claims, if one party loses after the resolution of those claims, then another appeal might be forthcoming. Rule 54 is aimed at relieving appellate courts from the "immediate consideration of questions that might later be rendered moot, either because the party that lost the ruling prevails on the merits or because the issue fails to affect the final judgment in a manner warranting reversal." It also limits the parties' ability to "clog the courts through a succession of costly and time-consuming appeals." *See Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 380 (1987) and *Flanagan v. United States,* 465 U.S. 259, 264 (1984). Granting plaintiff's requested relief would simply circumvent the appellate process and negate the law which prohibits the interlocutory filing of appeals on any basis. While Rule 54 is also aimed at facilitating the orderly and effective conduct of a trial and the full development of a record for subsequent review by the appellate court, plaintiff's appeal will not conserve judicial resources, nor does it present a compelling issue for immediate appellate review. The District strongly objects to plaintiff's attempt to appeal this case in piecemeal fashion. Even if Court are split on whether exhaustion is required for retaliation claims, that does not mean that this Court erred in its ruling or that the appellate court will accept this case for review. This case simply does not

present any compelling reasons for this Court to certify it for appeal and/or for the appellate court to issue an immediate decision, or any decision in plaintiff's favor.

28 U.S.C. § 1292(b) permits interlocutory appeals in cases where "a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.." Not only has plaintiff's arguments not provided this Court will a compelling reason to certify the interlocutory appeal, this Court is unable to state in writing that the appeal shall materially advance the ultimate termination of the litigation. In fact, it will not. The appeal of plaintiff's claims will not effect the resolution of those other claims that would remain before this Court. Section 1292(b) "is meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals." *See Tolson v. United States of America,* 732 F.2d 998, 1002 (C.A.D.C. 1984). Plaintiff's failure to meet her burden, should result in the denial of her motion. Accordingly, defendant respectfully requests that this Court deny plaintiff's motion.

WHEREFORE, this defendant requests that plaintiff's Motion to Certify the Court's January 24, 2008, Order as Final Order pursuant to Rule 54(b) be denied.

            Respectfully submitted,

            PETER J. NICKLES
            Acting Attorney General for the District of Columbia

            GEORGE C. VALENTINE
            Deputy Attorney General, Civil Litigation Division

             /s/ Patricia A. Jones
            PATRICIA A. JONES [428132]
            Chief, General Litigation, Section IV

      /s/ Leticia L. Valdes
    LETICIA L. VALDES [461327]
    Assistant Attorney General
    441 4th Street, N.W.
    Sixth Floor South
    Washington, D.C. 20001
    (202) 442-9845; (202) 730-1881
    Leticia.valdes@dc.gov

Case 1:07-cv-00429-RMU     Document 26     Filed 08/29/2008     Page 5 of 6

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Tanya D. Lewis,<br><br>     Plaintiff,<br><br>     v.<br><br>District of Columbia, *et al*.<br><br>     Defendants. | C.A. No.: 07-0429 (RMU) |

## **ORDER**

Upon consideration of Plaintiff's Motion to Certify the Court's January 24, 2008, Order as Final Pursuant to Rule 54(b), this defendant's response and opposition thereto, and the record herein, it is this ____ day of _____, 2008,

ORDERED:   that Plaintiff's Motion to Certify the Court's January 24, 2008, Order as Final Pursuant to Rule 54(b) is hereby DENIED.


_____
Judge Ricardo M. Urbina