UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TANYA D. LEWIS, | : |
| | : |
| Plaintiff | : |
| | : Civil Action No.: 07-0429 (RMU) |
| v. | : |
| | : |
| DISTRICT OF COLUMBIA, | : |
| | : |
| and | : |
| | : |
| DISTRICT OF COLUMBIA DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS, | : |
| | : |
| Defendants. | : |

**PLAINTIFF TANYA LEWIS'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO CERTIFY THE COURT'S JANUARY 24, 2008 ORDER AS FINAL PURSUANT TO RULE 54(b)**

Notwithstanding the District of Columbia's suggestions to the contrary, Tanya Lewis has more than satisfied the legal requirements necessary to justify certification of the Court's January 24, 2008 Order as final pursuant to Federal Rule of Civil Procedure 54(b)[1]—the Order finally disposed of Ms. Lewis's discrimination claims arising out of her fourth and fifth non-promotion, and there is no just reason to delay entering an appealable final judgment with respect to those claims. As a result, this Court should exercise its discretion under Rule 54, recognize that there is no reason to delay finality of Ms. Lewis's dismissed claims, and certify the Order as final.

1. The District's objections based upon the possibility of a post-trial appeal are unavailing. *See* Def.'s Resp. & Opp. at 3. Though it is certainly true that either plaintiff *or*

---

[1] The District's invocation of standards under 28 U.S.C. § 1292(b), *see* Def.'s Resp. & Opp. at 4, is irrelevant. Plaintiff is seeking to have the Court's Order certified as final, not to take an interlocutory appeal. *See* Pl. Mt'n at 2.

defendants may seek to appeal this Court's eventual resolution of the merits of Ms. Lewis's claims, certification would not have any meaningful effect on that probability. Certification would, however, sever the exhaustion question—an issue that is legally and analytically distinct from the underlying merits of Ms. Lewis's surviving claims—and permit the court of appeals to swiftly consider the issue in isolation.

This approach serves judicial efficiency *regardless* of the appeal's outcome. If Ms. Lewis is permitted to take an immediate appeal and prevails, then the court of appeals may revive her dismissed claims in time for this Court to consider their merits alongside her surviving claims, through a single trial. If Ms. Lewis does not prevail, however, then any post-trial appeal will be freed from the inefficiencies created by having to simultaneously consider Ms. Lewis's procedural objections. Either outcome is preferable to a regime in which the parties must first proceed to trial on a subset of Ms. Lewis' claims, then address both procedural and substantive challenges through a complicated post-trial appeal or cross-appeal, then submit to a second trial on any revived claims, only to then return to the court of appeals for further review.

2. The Defendant's insistence that Rule 54 is aimed at avoiding appeal of issues that may be subsequently mooted is similarly misplaced. Though potential mootness is certainly a valid reason to avoid multiple appeals, *see* Def.'s Resp. & Opp. at 3, the Defendant has made no effort to explain *how* Ms. Lewis's appeal of the Court's dismissal of her non-discrimination claims could be mooted by this Court's consideration of the merits of her remaining claims. Even if Ms. Lewis prevails at trial on her remaining claims, reinstatement of her dismissed claims may entitle her to additional damages. On the other hand, if the District prevails on the remaining claims, any merits determination as to those claims is not legally binding on the merits of the claims dismissed by this Court as "not reasonably related." Dkt. No. 13, at 11. An appeal of the

January 24, 2008 Order is thus inevitable regardless of the outcome of a trial on the remaining claims, and immediate certification will allow the appeal to occur in the most streamlined and effective manner.

      3. Meanwhile, the District makes little effort to contest one of Ms. Lewis's central contentions: certification of this Court's Order offers institutional benefits reaching far beyond this single case. As explained in detail in Plaintiff's motion, the dismissal of Ms. Lewis's discrimination claims arising out of her fourth and fifth non-selections implicates a legal question that the D.C. Circuit has failed to address, that has bitterly divided the circuit courts, and that this Court struggles with in this case and others. *See* Pl. Mt'n at 5–7. Such longstanding disagreement among the courts establishes that the question of whether Ms. Lewis properly exhausted her dismissed claims is a close one, and therefore that clear guidance from the court of appeals is necessary to restore uniformity to an area of this Court's jurisprudence where it has been lacking. *See* Pl. Mt'n at 6–7 (collecting cases). Immediate appeal of this Court's January 24, 2008 Order would ensure—regardless of outcome—that this Court finally receives the critical guidance it has sought. *See Jones v. Univ. of the Dist. of Columbia*, 2007 U.S. Dist. LEXIS 60146, at *9 (D.D.C. Aug. 17, 2007) (noting circuit split and observing "the D.C. Circuit has declined to weigh in on the issue").

WHEREFORE, for the reasons set forth above as well as those set forth in her initial motion, Plaintiff respectfully requests that this Court, pursuant to Rule 54(b), certify the dismissal of her discrimination claims arising out of her fourth and fifth non-selections as final for purposes of immediate appeal.

DATED:    September 8, 2008

RESPECTFULLY SUBMITTED,

By: _____
John F. Mercer, Esq. (DC Bar 184549)
MERCER LAW ASSOCIATES, PLLC
1629 K Street, N.W.
Suite 300
Washington, D.C. 20036
Office: (202) 349-1686
Fax: (240) 206-8486
Email: jmjmercer@aol.com

Paul M. Thompson (DC Bar 973977, *admitted pro hac vice*)
Jeffrey W. Mikoni (DC Bar 501982, *admitted pro hac vice*)
Kelly M. Falls (IL Bar 6294241, *admitted pro hac vice*)
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, N.W.
Washington, D.C. 20005
Office: (202) 756-8000
Fax: (202) 756-8087
Email: pthompson@mwe.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 8, 2008 the foregoing was filed electronically with the Clerk of the Court to be served through the Court's electronic filing system upon Leticia Valdes, Assistant Attorney General for the District of Columbia, 441 4th Street, N.W., Sixth Floor South, Washington, D.C. 20001.

_____
John F. Mercer

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TANYA D. LEWIS, : | |
| : | |
| Plaintiff : | |
| : | Civil Action No.: 07-0429 (RMU) |
| v. : | |
| : | |
| DISTRICT OF COLUMBIA, : | |
| : | |
| and : | |
| : | |
| DISTRICT OF COLUMBIA : | |
| DEPARTMENT OF CONSUMER AND : | |
| REGULATORY AFFAIRS, : | |
| : | |
| Defendants. : | |

**REVISED PROPOSED ORDER**

For the reasons stated in the Court's January 24, 2008 Memorandum Opinion, it is this ____ day of September, 2008,

**ORDERED** that the plaintiff's discrimination claims arising out of her fourth and fifth non-selections are dismissed for failure to exhaust administrative remedies.

**FURTHER ORDERED** that the dismissal of plaintiff's discrimination claims arising out of her fourth and fifth non-selections are certified as final pursuant to Fed. R. Civ. P. 54(b) for purposes of appeal.

**SO ORDERED.**

_____
RICARDO M. URBINA
United States District Judge