UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| TANYA LEWIS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-0429 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 58, 62 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

# MEMORANDUM OPINION

### DENYING THE DEFENDANT'S MOTION FOR RELIEF UPON RECONSIDERATION;
### GRANTING THE PLAINTIFF'S MOTION TO CORRECT THE RECORD

## I. INTRODUCTION

The plaintiff, an African-American woman, has asserted claims of gender-based disparate treatment, retaliation, hostile work environment and constructive discharge in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, based on her non-selection for a supervisory position within the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA"). In a memorandum opinion issued on September 14, 2009, the court granted summary judgment to the plaintiff on her disparate treatment claims, concluding that she had set forth a prima facie case of disparate treatment and that the defendant had failed to articulate a legitimate, non-discriminatory justification for the plaintiff's non-selection. The court, however, granted summary judgment to the defendant on the plaintiff's remaining claims.

This matter is now before the court on the defendant's motion for relief upon reconsideration of that portion of the court's September 14, 2009 ruling granting summary judgment to the plaintiff on her disparate treatment claims. The defendant asserts, much as it did in its prior motion for summary judgment, that the plaintiff's disparate treatment claims fail

because the plaintiff did not assert that she was treated differently from a similarly situated male applicant. For the reasons discussed below and in the court's prior memorandum opinion, the court denies the defendant's motion for relief upon reconsideration.[1]

## II. FACTUAL & PROCEDURAL BACKGROUND

The court has recounted the facts underlying this case on two prior occasions, *see* Mem. Op. (Nov. 6, 2009) at 2-5; Mem. Op. (Jan. 24, 2008) at 2-4, and will not endeavor to do so again here. Suffice it to say, the plaintiff contends that the defendant discriminated against her on the basis of her gender when it declined to select her for the position of Permanent Electrical Supervisor within the DCRA, a vacancy that it advertised on five separate occasions. *See generally* Am. Compl. On each occasion, the DCRA would issue a vacancy announcement for the position and the plaintiff would submit her application along with several other applicants. *Id.* ¶¶ 10-21. The DCRA would then cancel the vacancy announcement without selecting anyone for the position. *Id.* Ultimately, after issuing its fifth vacancy announcement for the position, the DCRA hired an African-American male to fill the vacancy. *Id.* ¶ 22.

The plaintiff commenced this action in March 2007, asserting claims of gender-based disparate treatment premised on her non-selection, as well as claims of retaliation, hostile work environment, constructive discharge and violations of District of Columbia law. *See generally* Compl.; Am. Compl. On January 24, 2008, the court issued a memorandum opinion granting in part and denying in part the defendant's motion to dismiss the amended complaint. *See generally* Mem. Op. (Jan. 24, 2008). The court dismissed the plaintiff's disparate treatment

---

[1] The plaintiff has filed a motion to correct certain portions of the record that, she asserts, are not material to the court's September 14, 2009 ruling. For the reasons discussed below, the court grants the plaintiff's motion.

claims premised on her non-selection following the fourth and fifth vacancy announcements because she had not exhausted her administrative remedies before commencing this action. *Id.* at 8-11. In addition, the court dismissed the plaintiff's claims based on D.C. law. *Id.* at 16. The court, however, declined to dismiss the remainder of the plaintiff's claims. *Id.* at 13-19.

On February 17, 2009, the defendant filed a motion for summary judgment on the plaintiff's remaining claims. *See generally* Def.'s Mot. for Summ. J. The defendant argued that the plaintiff had failed to make out a prima facie case of disparate treatment based on her non-selection, relying on the fact that the DCRA had cancelled each vacancy announcement at issue without hiring anyone, male or female, to fill the vacancy. *Id.* at 7-8. In addition, the defendant asserted that the plaintiff had offered no evidence suggesting that the vacancy announcements were cancelled for discriminatory reasons. *Id.* at 9. The plaintiff filed a cross-motion for summary judgment, arguing that she had established a prima facie case of disparate treatment based on her non-selection and that because the DCRA had offered no legitimate, non-discriminatory explanation for her non-selection, she was entitled to summary judgment on her non-selection claims. Pl.'s Cross-Mot. for Summ. J. at 10-15.

In a memorandum opinion issued on September 14, 2009, the court concluded that the plaintiff had stated a prima facie case of disparate treatment based on her non-selection. Mem. Op. (Sept. 14, 2009) at 9-13. The court held that the plaintiff's prima facie case gave rise to a rebuttable presumption of discrimination, which required the defendant to offer a legitimate, non-discriminatory justification for its actions. *Id.* at 13-14. Because the defendant declined to offer such a justification to rebut the presumption of discrimination created by the prima facie case, the court granted the plaintiff's cross-motion for summary judgment on her non-selection

3

claim. *Id.* at 14-15. The court noted, however, that it would consider a legitimate, non-discriminatory justification offered by the defendant in a subsequent motion for relief upon reconsideration.[2] *Id.* at 15 n.7.

In November 2009, the defendant filed the motion for relief upon reconsideration now before the court.[3] *See generally* Def.'s Mot. for Relief Upon Recons. ("Def.'s Mot."). The defendant contends that the court erred in granting summary judgment to the plaintiff on her non-selection claims. *See generally id.* With the defendant's motion now ripe for adjudication, the court turns to the applicable legal standards and the parties' arguments.

### III. ANALYSIS

**A. The Court Denies the Defendant's Motion for Relief Upon Reconsideration**

**1. Legal Standard for Altering or Amending an Interlocutory Judgment**

A district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." FED. R. CIV. P. 54(b); *see also Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000) (citing the Advisory Committee Notes to Federal Rule of Civil Procedure 60(b)). The standard for the court's review of an interlocutory decision differs from the standards applied to final judgments

---

[2] The court then granted summary judgment to the defendant on the plaintiff's remaining claims. Mem. Op. (Sept. 14, 2009) at 16-26. The plaintiff has not sought reconsideration of these portions of the court's ruling.

[3] Although the court's September 14, 2009 memorandum opinion granted summary judgment to the plaintiff on her non-selection claims and granted summary judgment to the defendant on all of the plaintiff's remaining claims, it did not address the matter of the damages to which the plaintiff was entitled for her non-selection, as the parties did not address this matter in their submissions. *See generally* Mem. Op. (Sept. 14, 2009). Because the ruling did not resolve all of the parties' rights and liabilities, the defendant brings its motion pursuant to Federal Rule of Civil Procedure 54(b), which governs motions to amend interlocutory judgments that resolves fewer than all the rights and liabilities of all the parties. *See* FED. R. CIV. P. 54(b).

under Federal Rules of Civil Procedure 59(e) and 60(b). *Compare Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 42, 48 n.6 (D.D.C. 2001) (noting that "motions for [relief upon] reconsideration of interlocutory orders, in contrast to motions for [relief upon] reconsideration of final orders, are within the sound discretion of the trial court") *and United Mine Workers v. Pittston Co.*, 793 F. Supp. 339, 345 (D.D.C. 1992) (discussing the standard applicable to motions to grant relief upon reconsideration of an interlocutory order) *with LaRouche v. Dep't of Treasury*, 112 F. Supp. 2d 48, 51-52 (D.D.C. 2000) (analyzing the defendant's motion for relief from judgment under Rule 60(b)) *and Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996) (ruling on the plaintiff's motion to alter or amend judgment pursuant to Rule 59(e)). A motion pursuant to Rule 59(e), to alter or amend a judgment after its entry, is not routinely granted. *Harvey*, 949 F. Supp. at 879. The primary reasons for altering or amending a judgment pursuant to Rule 59(e) or Rule 60(b) are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Id.*; *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam); FED. R. CIV. P. 60(b); *LaRouche*, 112 F. Supp. 2d at 51-52.

By contrast, relief upon reconsideration of an interlocutory decision pursuant to Rule 54(b) is available "as justice requires." *Childers*, 197 F.R.D. at 190. "As justice requires" indicates concrete considerations of whether the court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (internal citation omitted). These considerations leave a great

5

deal of room for the court's discretion and, accordingly, the "as justice requires" standard amounts to determining "whether [relief upon] reconsideration is necessary under the relevant circumstances." *Id.* Nonetheless, the court's discretion under Rule 54(b) is limited by the law of the case doctrine and "subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh*, 383 F. Supp. 2d at 101 (internal citations omitted).

**2. The Defendant Has Not Presented Any Basis for Overturning the Court's Prior Ruling**

The defendant contends that the court erred in granting summary judgment to the plaintiff on her non-selection claims. *See generally* Def.'s Mot. More specifically, the defendant asserts that the plaintiff failed to establish a prima facie case of gender discrimination because she failed to offer any evidence that she was treated differently from a similarly situated male applicant. *Id.* at 9, 12-13. The defendant also argues that in granting summary judgment to the plaintiff, the court wrongly "inferred gender discrimination" without an appropriate legal or evidentiary footing, as the plaintiff failed to offer any "direct evidence of gender discrimination." *Id.* at 10-11 (emphasis omitted). The defendant has, however, again declined to assert a legitimate, non-discriminatory justification for the plaintiff's non-selection. *See generally id.* The plaintiff responds that she was not required to demonstrate that she was treated differently from a similarly situated male applicant to establish her prima facie case and that, given the absence of a legitimate, non-discriminatory justification from the defendant, the court properly granted summary judgment to the plaintiff on her non-selection claims. Pl.'s Opp'n at 8.

This Circuit has squarely and repeatedly rejected the notion that a plaintiff must show that she was treated differently from a similarly situated individual outside her protected class to

establish a prima facie case of discrimination. *See Ginger v. Dist. of Columbia*, 527 F.3d 1340, 1344 (D.C. Cir. 2008) (holding that "to prove discrimination . . . a plaintiff need not demonstrate that a similarly situated person outside [his] protected class [was] treated disparately" (quoting *Czekalski v. Peters*, 475 F.3d 360, 365-66 (D.C. Cir. 2007))) (internal quotation marks omitted); *accord Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 851 (D.C. Cir. 2006) (observing that the Circuit has "expressly rejected as immaterial a requirement that the plaintiff be [treated differently from] an individual outside [his] protected class"); *George v. Leavitt*, 407 F.3d 405, 412-13 (D.C. Cir. 2005) (concluding that the district court erred in requiring the plaintiff to show that he "was treated differently than similarly situated employees"); *Stella v. Mineta*, 284 F.3d 135, 146 (D.C. Cir. 2002) (holding that "a plaintiff in a discrimination case need not demonstrate that she was replaced by a person outside her protected class in order to carry her burden of establishing a prima facie case under *McDonnell Douglas*"). Ignoring these authorities, the defendant asserts that in *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139 (D.C. Cir. 2004), the Circuit "[held] that a Plaintiff in a[n] age discrimination case is required to show that she was disadvantaged in favor of a younger person." Def.'s Mot. at 9 (citing *Teneyck*, 365 F.3d at 1149-50). The defendant's reliance on *Teneyck* is, however, puzzling at best, given that that decision, like *Ginger* and the other Circuit authorities cited above, expressly rejected the position offered by the defendant:

> [I]n order to make out a prima facie case, it is not necessary for an African-American plaintiff to show that she was disadvantaged by the employer's hiring of a Caucasian applicant, *or for a female plaintiff to show that a male was hired in her stead* . . . . The employer's hiring of a person of the same race or sex as the plaintiff might be relevant in assessing the merits of a plaintiff's claim beyond the stage of the prima facie case, but it is not a factor in the plaintiff's establishment of a prima facie case.

7

*Teneyck*, 365 F.3d at 1150 (citing *Stella*, 284 F.3d at 145-46) (emphasis added and internal citations omitted); *see also id.* at 1153 (observing that "the suggestion that, in order to make out her prima facie case, [the plaintiff] ought to have provided evidence that [the employer] hired someone of a different race for the position for which she applied is wrong as a matter of law").

*Ginger*, *Teneyck* and the other authorities cited above leave no doubt that the plaintiff was not required to show that she was treated differently from a similarly situated male employee to establish a prima facie case of discrimination. The court, therefore, declines to alter its prior judgment regarding the sufficiency of the plaintiff's prima facie case based on the purported absence of such evidence.

The defendant's contention that the court "inferred gender discrimination" without an appropriate legal or evidentiary footing is equally without merit. As explained in the court's prior memorandum opinion, the plaintiff established a prima facie case of discrimination by providing evidence that she was a member of a protected class, that she applied for the vacancy at issue, that she was not hired for the position despite her qualifications and that after her rejection, the DCRA continued to solicit candidates to fill the vacancy. Mem. Op. (Sept. 14, 2009) at 9-13; *see also Teneyck*, 365 F.3d at 1149-50 (noting that to establish a prima facie case of discrimination in the context of a non-selection claim, a plaintiff must show "(i) that he belongs to a [protected class]; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that after his rejection, the position remained open and the employer continued to seek applicants from persons of [the plaintiff's] qualifications"). Contrary to the defendant's assertions, the plaintiff was not required to present "direct evidence of gender discrimination," such as

8

discriminatory remarks made by a person with hiring authority, to establish her prima facie case. *See Teneyck*, 365 F.3d at 1153 (noting that "[e]stablishment of the four *McDonnell Douglas* elements without more is sufficient" to establish a prima facie case).

The court further noted in its September 14, 2009 memorandum opinion that under Supreme Court precedent, the "[e]stablishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee" and that "if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case." *Id.* at 13 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)); *see also Teneyck*, 365 F.3d at 1151 (observing that "if the plaintiff establishes the elements of a prima facie case, and the defendant remains silent or otherwise fails to meet its burden of production, judgment must be rendered for the plaintiff" (citing *Burdine*, 450 U.S. at 254)). The court did not, as the defendant suggests, infer gender discrimination from the plaintiff's residency preference or from any individual facet of the plaintiff's non-selection. *See* Def.'s Mot. at 10-11. Nor did the court undertake any credibility assessments or otherwise usurp the role of the jury. *See id.* at 13-14. Indeed, the facts underlying the plaintiff's prima facie case (namely, the serial cancellation of the vacancy announcements) were not in dispute; rather, the parties' disagreement centered on whether, as a legal matter, those facts established a prima facie case of disparate treatment. *See generally* Def.'s Mot. for Summ. J.; Pl.'s Cross-Mot. for Summ. J. After resolving that dispute in the plaintiff's favor, the court merely acknowledged the rebuttable presumption of discrimination created by the plaintiff's prima facie case. *See* Mem. Op. (Sept. 14, 2009) at 13-15; *see also Burdine*, 450 U.S. at 254 (explaining that the establishment of the elements of a prima facie case

"raises an inference of discrimination . . . because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors" (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978))); *Teneyck*, 365 F.3d at 1152 (observing that establishment of a prima facie case "trigger[s] a legally mandatory, rebuttable presumption of discrimination").

In the face of this mandatory, yet rebuttable presumption of discrimination, the defendant remained silent, offering no legitimate, non-discriminatory justification for the plaintiff's non-selection. Mem. Op. (Sept. 14, 2009) at 13-15. Accordingly, the court entered judgment for the plaintiff on these claims. *Id.* In the motion now before the court, the defendant does not challenge the court's conclusion that it failed to offer a legitimate, non-discriminatory justification for the plaintiff's non-selection. *See generally* Def.'s Mot. Nor does the defendant offer such a justification in its motion[4] or challenge the authorities relied on by the court in granting summary judgment to the plaintiff based on the absence of such a justification. *See generally id.*

In short, the defendant has offered nothing to call the reasoning underlying the court's prior ruling into question. The defendant overlooks binding precedent holding that a plaintiff need not offer evidence regarding similarly situated individuals to establish a prima facie case of

---

[4] The defendant does state in its motion that it chose to cancel the first vacancy announcement based on its "business judgment." Def.'s Mot. at 10. Although the defendant's burden when articulating a legitimate, non-discriminatory justification is "one of production, not persuasion," *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000), the defendant's amorphous and unsupported assertion of a "business judgment" does not meet even this minimal burden, *see id.* (observing that the defendant must at least articulate a reason and offer admissible evidence in support of that reason to meet its burden on *McDonnell Douglas*). Furthermore, although the defendant also cites the selection certificates documenting the DCRA's cancellation of the first three vacancy announcements, *see* Def.'s Mot. at 4-5 (citing Def.'s Mot. for Summ. J., Ex. 3), these certificates provide no explanation for the cancellations, *see* Def.'s Mot. for Summ. J., Ex. 3. In fact, each certificate instructed the personnel office to immediately re-advertise the vacancy, making it clear that despite the cancellations, there remained a vacancy in the position sought. *See id.*

discrimination, and declines, yet again, to offer a legitimate, non-discriminatory justification for its actions. *See generally id.* Accordingly, the court declines to alter its prior opinion granting summary judgment to the plaintiff on her non-selection claims.

### B. The Court Grants the Plaintiff's Motion to Correct the Record

In her cross-motion for summary judgment, the plaintiff stated that she possessed a master's degree in the field of business administration. Pl.'s Cross-Mot. for Summ. J. at 15. The court noted this fact in its September 14, 2009 memorandum opinion. *See* Mem. Op. (Sept. 14, 2009) at 4. Following the issuance of the court's ruling, the plaintiff filed a motion to correct the record, in which she acknowledges that she did not possess a master's degree. *See* Pl.'s Mot. to Correct the Record ("Pl.'s Mot.") at 1. Rather, the plaintiff states that at the time she applied for the Permanent Electrical Supervisor position, she possessed an associate's degree and was pursuing a bachelor's degree in business management. *Id.* The plaintiff contends that this error was inadvertent and not material to the court's ruling, as the defendant does not dispute that the plaintiff was qualified for the Permanent Electrical Supervisor position. *Id.* at 2-3; Pl.'s Reply in Support of Mot. to Correct the Record ("Pl.'s Reply") at 2-5. Accordingly, the plaintiff contends that the court may correct the record to reflect the appropriate information without disturbing its ruling. Pl.'s Mot. at 2-3; Pl.'s Reply at 2-5.

In response, the defendant states that it "does not oppose the Court's correcting the record to reflect that Plaintiff did not have a Masters of Business Administration." Def.'s Opp'n at 2. The defendant asserts, however, that because the court mentioned the plaintiff's master's degree in the September 14, 2009 memorandum opinion, its ruling must have been based at least in part on that fact. *Id.* at 1-2. Thus, the defendant suggests that the plaintiff's misstatement regarding

her educational level requires the court to reevaluate the portion of its ruling granting summary judgment to the plaintiff on her non-selection claim. *See id.* at 2.

As previously noted, to establish a prima facie case of discriminatory non-selection, a plaintiff must demonstrate that she was qualified for the position sought. *See Teneyck*, 365 F.3d at 1149-50. The defendant does not, however, contend that the plaintiff's lack of a master's degree rendered her unqualified for the Permanent Electrical Supervisor position. *See generally* Def.'s Opp'n. Indeed, there is no indication that the plaintiff misrepresented her qualifications to the DCRA,[5] which, according to the selection certificates documenting the first three vacancy announcements, deemed her qualified for the position. *See* Def.'s Mot. for Summ. J., Ex. 3. The defendant has never, in fact, asserted that the plaintiff was not qualified for the Permanent Electrical Supervisor position. *See generally* Def.'s Mot. for Summ. J.; Def.'s Mot.

Although any misstatement made to the court is a matter of significance, the plaintiff's misstatement regarding her level of education does not undermine her prima facie case and does not justify revising the court's prior ruling. Accordingly, the court grants the plaintiff's motion to correct the record and will issue a revised version of its September 14, 2009 memorandum opinion removing references to the plaintiff's master's degree.

## IV. CONCLUSION

For the foregoing reasons, the court denies the defendant's motion for relief upon reconsideration and grants the plaintiff's motion to correct the record. An Order consistent with

---

[5] The plaintiff maintains (and the defendant does not dispute) that she has accurately represented her educational achievements in her amended complaint, her discovery responses, her deposition testimony as well as the "summary of qualifications" she submitted to the DCRA when applying for the vacancy. Pl.'s Mot. at 2.

this Memorandum Opinion is separately and contemporaneously issued this 8th day of September, 2010.

RICARDO M. URBINA
United States District Judge